STATE of Missouri, Respondent,

v.

Wayne QUICK, Appellant.

No. WD 31539.

Missouri Court of Appeals,
Western District.

Sept. 21, 1982.

Peter N. Sterling, Acting Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Catheryn B. Starke, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

SHANGLER, Presiding Judge.

A jury convicted defendant Quick of incest for the act of sexual connection with daughter E whom he knew to be a descendant by blood. § 568.020.1(1), RSMo 1978. The court thereafter adjudicated the defendant a persistent offender under § 558.016.2 and sentenced Quick to ten-year extended term of imprisonment.

The defendant contends for reversal that the conviction was tainted by prejudicial evidence, erroneous instructions and an irregular extended sentence procedure.

The evidence from daughter E, the victim, was that she and her husband took her father into the household after the divorce from the mother. The daughter was then twenty years of age and lived with the husband and two children. One morning, after the husband was gone to work, daughter E was awakened by kisses from her father. She was then abed in a nightgown and he was fully clothed. The father told her that E, as the oldest daughter, was to become his wife now that her mother had divorced him. The witness narrated that the father told her she could no longer share a bed with her husband but would have to learn to be his wife "so that when we went home, meaning heaven, that I

would already be trained for that position." The defendant father threatened that if E did not acquiesce "either my husband would kill him or he would kill my husband. Either way I wouldn't have my husband because he would either be in jail for murder or he would be dead." The defendant father also told daughter E that no one would believe her, that she would be committed to an insane asylum and her children placed in foster homes "like I had." [The daughter E as a child was relinquished by the parents to the juvenile authority and spent those years in a succession of foster homes—a memory distasteful to her.] The defendant father thereupon undressed, manipulated the undergarments of the daughter, and practiced sexual intercourse upon her.

The daughter was in the thrall of fear and did not report the assault to the police until several days later. That morning, the father awakened E by a tug of the hair and a threat that "this was the last warning he was going to give me about being his wife and he said within two hours everything would be over with and that we would all be dead." She managed to extricate herself and fled to a neighbor and called the police.

In the course of direct examination, the prosecutor inquired, the witness responded, counsel for defendant objected, and the court ruled:

Q. Did you love your father at that time?

A. No. I was scared of him.

Q. Why were you scared of your father then, E?

A. Because when I was younger I watched . . . .

Counsel for defendant: I object to this line of questioning.

THE COURT: Objection overruled, proceed.

Q. Why were you scared of your father then?

A. I had watched him beat my mother and try to strangle her and I knew that he had shot my mother.

Q. And how old were you then, E?

A. It happened all through my life up until the fourth grade.

The point on appeal assigns error to that evidence on the ground that criminal liability for incest under § 568.020 accrues irrespective of consent so that whether the daughter submitted to the act of the father through fear was irrelevant to the proof and otherwise prejudicial as evidence of a crime other than that charged. We do not reach the merit of that contention [1] because that assertion was not preserved for review either by sufficient objection at the trial or thereafter on the motion for new trial.

▮▮▮▮ The trial interjection: "I object to this line of questioning," states no reason to the court why the evidence is opposed, allows no informed opportunity for the court to rule, and so presents no question to the trial forum for decision or to appeals tribunal for review. *State v. Lang,* 515 S.W.2d 507, 511[5–10] (Mo.1974). The motion for new trial statement of the ground: that the acts which induced her fear of the father were "irrelevant, prejudicial and inflammatory," without other specific reason for exclusion of the evidence, is equally ineffective to present a question to the trial court

---

1. A person commits the crime of incest under code § 568.020:

"1. [I]f [among other conduct] . . . engages in sexual intercourse . . . with a person he knows to be, without regard to legitimacy: (1) His ancestor or descendant by blood or adoption . . . ."

The commentary to Incest § 568.020 published in The New Missouri Criminal Code, A Manual for Court Related Personnel (1978) notes at p. 13–3: "Major Changes—The Code makes some changes in the definition of incest, but the basic offense is unchanged." At least one decision

holds, but without developed rationale, that testimony by the victim that she submitted through fear is germane to the proof of incest—and so contradicts the thesis the defendant propounds. In the context of the evidence on this appeal, the proof of the prior acts of violence by the father reasonably tends to prove, not the incest, but an ingrained fear of the father by the daughter, and so explains why the crime was not reported until some three days later, and thereby bolsters the credibility of that witness.

or to preserve one for review. *State v. Lenza*, 582 S.W.2d 703, 710[13, 14] (Mo.App. 1979). The more fully articulated point the defendant asserts to us is not that presented to the trial court. A litigant may not on appeal broaden the objection presented to the trial court nor guise it in a different theory. *State v. Gilbert*, 544 S.W.2d 595, 598[3–5] (Mo.App.1976).

■ The defendant then contends that the neglect to instruct that the options to punish for a class D felony [incest] include a fine not to exceed $5,000 [§ 560.011.1(1)] or a combined fine and imprisonment [§ 560.-026.3] violates the direction of the statute [§ 557.036.2] that the court instruct the jury as to the full range of punishment. The defendant acknowledges the point was not formally preserved and seeks review for plain error. The decisions answer the contention adversely to the defendant. It is the option of the court, not the jury to punish by fine. A jury return of a fine is only advisory and does not bind the court. *State v. Bradford*, 627 S.W.2d 281, 284[3] (Mo.1982).

■ The information charged not only incest but also that the defendant was convicted of two prior described felonies so as to invoke the jurisdiction of the court to punish the defendant as a persistent offender under § 558.016. The charge of prior felony alleged a conviction for burglary on or about March 7, 1972, and a conviction for theft of a motor vehicle on or about September 14, 1955. The actual proof, however, was by certificates of convictions on March 6, 1972, and September 12, 1955. The defendant contends that the variance between the information and the evidence was fatal to judgment as a persistent offender. [The discrepancy in each case was the date the defendant was received at the penal institution.] The defendant makes no issue that he was not convicted and sentenced for the felonies the information describes. The trial testimony on cross-examination admits the burglary conviction in

1972 and the post-verdict persistent offender inquiry admits the conviction for the motor vehicle theft on September 12, 1955. That suffices to prove persistent offender. *Shepherd v. State*, 612 S.W.2d 384, 386[7] (Mo.App.1981). The technical oversight Quick raises prejudiced neither the defense nor any other substantial right. *State v. Franklin*, 547 S.W.2d 849, 851[1] (Mo.App. 1977). The contention is denied.

■ The jury assessed punishment at a term of five years. The court thereafter adjudicated Quick a persistent offender and imposed an extended term of ten years. The persistent offender procedure imposes as a precondition to an adjudicated extended sentence that the court *find* the defendant is a persistent offender. § 558.016.1. That contemplates that the convictions be found according to indictment, that the proof shall conform with the charge, and that the findings describe the offenses which constitute the proof. *State v. Thompson*, 629 S.W.2d 369 (Mo. banc 1982) [opinion of the Missouri Court of Appeals, Western District, 629 S.W.2d 361 adopted by the Missouri Supreme Court on March 9, 1982)]. The findings entered by the court antecedent to the adjudication of the extended sentence were;

> The Court finds that the defendant is a persistent offender within the meaning of Section 558.016 of the Revised Statutes of Missouri as a result of his two prior felony convictions heretofore referred to in evidence and more particularly described in Exhibits 1, 2, 3 and 4.

The defendant contends this recital does not comply with the requirement of § 558.016 that the court *find* the defendant is a persistent offender by a description of the offenses which constitute the proof. *State v. Thompson*, supra, l.c. 369. There was neither objection to that judgment at the rendition nor does the motion for new trial raise any issue of sufficiency. There is no preserved error. However imperfect the declaration of the findings, there was no plain error or manifest injustice, therefore

there is no plain error. *State v. Moland,* 626 S.W.2d 368, 372[12] (Mo.1982). The extended term as adjudicated rests on prior convictions charged formally by information, proved by substantial evidence, and described—albeit by reference to exhibits. The adjudication of persistent offender, although not the compliance § 558.016.1 expects, there was no manifest injustice to the defendant. The court then gave allocution and declared judgment:

> Wherefore, it is ordered and adjudged by the Court that said defendant, Wayne Allen Quick, do undergo confinement at the direction of the Reception and Diagnostic Center, Division of Corrections, Jefferson City, Missouri, to be confined in the appropriate penal institution for a period of five [5] years, being the maximum punishment assessed by the jury, and this punishment is extended by an additional five [5] years as a result of proof that defendant is a persistent offender under Section 558.016 R.S.Mo., being a total of ten [10] years in the Missouri Division of Corrections for said offense of Incest; and that the State of Missouri have and recover of and from said defendant all costs herein, and that execution issue therefor.

The defendant contends that the manner the judgment was rendered constituted a multiple punishment for the same offense in violation of the double jeopardy principle: that is, that the judgment sentences twice for one offense—once for incest and once as an enhancement. The objection, once again, is not preserved, so our review is for plain error. Rule 30.20.

■ The terms of § 558.021 constructs a scheme, conformable to due process, to punish a dangerous or persistent offender by the enhancement of sentence. The preconditions are an accusation by information, separate proof of the new matter on which the enhancement rests [§ 558.021.2 and 3], the explicit findings on which the adjudica-

tion rests, and then imposition of a unitary sentence to the extent § 558.016 allows. The determination of *persistent offender* does not constitute a separate offense or punishment, but a single culmination of a single accusation and adjudication of guilt. *State v. Thompson,* supra, 1.c. 366; *State v. Slater,* 633 S.W.2d 439, 441[3] (Mo.App. 1982). The sentence imposed by the trial court does no more. The option the statute allows the court against a defendant found a persistent offender is to extend the jury punishment—that is not to be bound by that verdict. The *persistent offender* adjudication has two consequences: the range of the term of imprisonment for the class D incest felony [among the other classes] is increased to a maximum of ten years [§ 558.016.4(3) ] and the court may impose a sentence not limited, as otherwise, to the jury verdict [§ 557.036.3(2) ]. *State v. Quisenberry,* 639 S.W.2d 579, (Mo. banc 1982); The New Missouri Criminal Code: A Manual for Court Related Personnel § 3.3, Comments (1978). The procedure of the trial court conforms to the theory and practice of persistent offender § 558.016. It avoids the error disparaged in *State v. Thompson,* supra, where the trial court accepted the verdict of the jury, imposed that sentence, then adjudicated the defendant a persistent offender, imposed that sentence as a consecutive punishment. The sentence here is unitary and free from that error of a duplicate punishment for a single offense. Albeit expressed in components of the five-year sentence returned by the jury and the five-year enhancement as a persistent offender, the sentence here adjudges one sentence for a single term and by a single imposition of punishment.

The court instructed, among other submissions, MAI–CR2d 2.60, to the effect that, under the law, the court may sentence a defendant to a term of imprisonment "but not to exceed the term assessed and declared by the jury in its verdict," among

other alternatives.[2] Quick contends the instruction misled the jury because, under the law, the court may—and did—sentence the defendant adjudicated a persistent offender to a term of years in excess of the punishment returned by the verdict. The defendant argues that a jury informed that the court had power to enhance the punishment would have assessed a term lesser than the five years returned. The point is not preserved for appeal. We review for plain error nevertheless.

The incongruity an instruction such as MAI–CR2d 2.60 [that "the court ... may sentence the defendant to ... [i]mprisonment ... not to exceed the term ... declared by the jury"] in the case of a persistent offender adjudication where the court has power to enhance punishment beyond the jury verdict was noted in *State v. Hunter*, 586 S.W.2d 345, 349 (Mo. banc 1979) and then referred to the Committee on Pattern Criminal Charges for resolution. The opinion commented that, pending a restructured submission [l.c. 348]: "no prejudice is easily foreseeable from the giving of this type of instruction" even where the court has power to impose an enhanced punishment beyond the jury verdict. That is because, [contrary to contention] however minimal a punishment the jury may return in response to disclosure that the court has power to enhance the jury verdict, once the defendant is adjudicated a persistent offender the court may nevertheless impose the full enhancement the law allows—in this case, a term of ten years.

■ The administration of justice, of course, requires that instructions have integrity. The jury accepts with confidence that the instructions of the court are authentic statements of the law of the case. The incongruence between the role defined to the jury as the arbiter of the punishment by MAI–CR2d 2.60 and the role assigned to the court for that function by the persistent offender statutes, however, was inconsequential to the defendant. Whatever irregularity the instruction procedure involved did not bear on guilt or innocence [*State v. Hunter*, supra, l.c. 348[3]] and the ultimate power *de jure* to punish was in the court. The instruction *when given*, also, was a valid statement of the law, since the court was not empowered to sentence beyond the jury verdict *until and unless* the persistent offender accusation was proven, adjudicated and adjudged—procedures all subsequent to the submission to the jury. The disparity between profession and practice arose only *after* the court adjudicated the persistent offender status—a determination by no means foregone—and imposition by the court of a sentence in excess of the jury verdict. *State v. Johnson*, 615 S.W.2d 450, 451 (Mo.App.1981). The instruction was in the terms of MAI–CR2d 2.60, was required for submission, and did not amount to a misdirection. *State v. Shepherd*, 633 S.W.2d 206, 210[5–7] (Mo.App.1982). There was no manifest injustice to the defendant from the irregularity in instruction.

The judgment is affirmed.

All concur.

---

**2.** The instruction, which relates to the ranges of punishment for Class C and D felonies and Class A, B and C misdemeanors informs the jury—among other matters—that the court may sentence the defendant to either:

"1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict, or

2. The payment of a fine, the amount of which would be determined by the court in accordance with applicable statutes, or

3. Both such imprisonment and the payment of such a fine.
.... "

MAI–CR2d 2.60 is required to be given with the submission of a Class D felony [incest, among them], unless otherwise provided. Notes on Use 2.