Irving J. BERRY, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 50804.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 3, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 9, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Irving J. Berry, Jr., was convicted on September 13, 1979, of first degree robbery, rape, and kidnapping and was sentenced to life, thirty years, and twenty-five years respectively. His convictions were affirmed on direct appeal to the Missouri Supreme Court. *State v. Berry*, 609 S.W.2d 948 (Mo. banc 1980). Thereafter, movant, Irving J. Berry, Jr., filed for post conviction relief under Rule 27.26 to vacate the sentences and judgment.

Movant contends that the trial court committed error by: (1) denying his Rule 27.26 motion without an evidentiary hearing on his claim of ineffective assistance of counsel, (2) denying his motion because of "misinstruction" of the jury as to the assessment of punishment, and (3) finding that the dangerous offender procedures do not subject him to double jeopardy.

Movant's first point on appeal is that the trial court erred in denying his Rule 27.26 motion without an evidentiary hearing on his allegation of ineffective assistance of counsel. Movant alleges his counsel failed to impeach the victim at trial concerning her prior inconsistent statements. Rule 27.26(e) provides for an evidentiary hearing, but to be entitled to such a hearing, "the movant must: (1) plead facts, not conclusions, which if true would warrant relief, (2) those facts must not be refuted by the record, and (3) the matters complained of must have resulted in prejudice to the movant." *Baker v. State*, 680 S.W.2d 278, 281 (Mo.App.1984). In his motion, movant alleges ineffective assistance of counsel, because his counsel failed to cross-examine and impeach the victim concerning alleged inconsistencies between her testimony at trial and the police report. To prevail upon his ineffective assistance of counsel claim, the movant must show counsel failed to exercise the customary skill and diligence required of a reasonably competent attorney under similar circumstances. *Tate v. State*, 675 S.W.2d 89, 90–91 (Mo.App.1984). Moreover, the movant must show he was prejudiced by this finding. *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979). Movant bears a heavy burden to show ineffective assistance of counsel. *Id.* at 735.

A thorough review of the record indicates that movant's counsel conducted an extensive cross-examination of the victim. This is supported by the finding of the Supreme Court in movant's direct appeal wherein the court stated: "She (the victim) was in fact extensively cross-examined by the defense on many aspects of the case, including the violence and threats of violence." *State v. Berry*, 609 S.W.2d at 955. Likewise, movant's contention is answered by the trial court wherein it stated:

2. Movant alleges ineffective assistance of counsel in his failure to cross-examine the prosecuting witness thoroughly in respect to the description alleged to have been given by the prosecuting witness at the time of her initial complaint to the police officers, what was contained in the

police report, and the description of movant the prosecuting witness gave at the time of trial. The Supreme Court on appeal found that the prosecuting witness had given a detailed description to the initial police officer when reviewing movant's claim of error in the trial court overruling movant's motion to suppress in-court identification as being tainted by an unduly suggestive lineup, and further that the prosecuting witness was extensively cross-examined. Although the description in the written police report is not as detailed as the prosecuting witness testified during the trial, this Court finds no facts in support of movant's allegation throughout the entire record.

While the trial court conceded that the description in the police report was not as detailed as the prosecuting witness' testimony at trial, the court found no facts in support of movant's allegation throughout the entire record. We agree with the trial court's findings. Moreover, the decision whether or not to impeach a witness with prior inconsistent statements is a matter of trial strategy and cannot be the basis of a breach of any duty towards movant. *Hurd v. State*, 637 S.W.2d 809, 811 (Mo. App.1982). Absent a rare exception where a strategic choice is declared to have been unsound, the strong presumption of correct action overcomes an ineffective assistance allegation. *Porter v. State*, 682 S.W.2d 16, 19 (Mo.App.1984). In the case at bar, movant did not overcome this presumption, and consequently, he is not entitled to an evidentiary hearing on his allegation of ineffective assistance of counsel.

Movant's second point on appeal is that the trial court committed error by denying his motion to vacate sentence on the ground that the jury was misinformed as to punishment. Movant claims that by not informing the jury of the judge's enhancement power pursuant to § 558.016 RSMo 1983, he was sentenced to a greater term of imprisonment than the jury itself could assess, and consequently, the jury was misinformed as to punishment. This being so, movant argues the jury's assessment might

not have been the same if the jury had been informed of the judge's enhancement power.

The courts of Missouri, however, have consistently rejected this sort of contention in the past. *State v. Hunter*, 586 S.W.2d 345, 347 (Mo. banc 1979); *State v. Buckner*, 620 S.W.2d 410, 411 (Mo.App. 1981). In accordance with the instructions given to the jury, the jurors assessed punishment. Despite the fact that movant was ultimately sentenced to a greater period of time than assessed by the jury, the jury was not misled on any issue of substantive law. *State v. Williams*, 620 S.W.2d 399, 400 (Mo.App.1981). Movant's argument that the jury's assessment might have been different if they had been informed of the court's enhancement power is meritless. No matter how minimal a punishment the jury may return in response to this disclosure, once the person is adjudicated a dangerous offender, the court may nevertheless impose the full enhancement the law allows. *State v. Quick*, 639 S.W.2d 880, 885 (Mo.App.1982). The determination of whether or not the accused is a dangerous offender is for the court, not the jury, and the enhancement of sentence upon such a finding is also within the sound discretion of the court. *State v. Foerstel*, 674 S.W.2d 583, 593 (Mo.App.1984). Therefore, the trial court did not err by enhancing the accused's sentence upon the finding of movant being a dangerous offender.

Movant's third point on appeal is that the trial court committed error by finding that the dangerous offender procedures did not subject him to double jeopardy. Pursuant to § 558.016, persistent or dangerous offenders may receive an enhancement of the jury's assessment of punishment by the trial court. *State v. Bockes*, 676 S.W.2d 272, 278 (Mo.App.1984). "The determination of 'dangerous' offender does not constitute a separate offense or punishment, but a single culmination of a single accusation and adjudication of guilt." *State v. Quick*, 639 S.W.2d at 884. If a trial court finds the accused to be a dangerous offender, the statute allows the

court the option not to be bound by the jury's verdict as to punishment, thereby enabling the court to extend the jury punishment. An accused is not subjected to double jeopardy or prejudiced by the trial court when this sentencing procedure is exercised. *State v. Lee,* 660 S.W.2d 394, 399–400 (Mo.App.1983). Furthermore, the accused is not prejudiced because the jury was unaware of the trial court's discretion under the statute to modify the sentence fixed by the jury. *State v. Quick,* 639 S.W.2d at 884–885.

For the foregoing reasons, the judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.