STATE of Missouri, Respondent,

v.

Dennis COLLIS, Appellant.

Dennis COLLIS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 44275, 46016.

Missouri Court of Appeals,
Western District.

March 16, 1993.

J. Gregory Mermelstein, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

BERREY, Judge.

Appellant appeals his conviction in this jury-tried case in which he was convicted of sodomy, rape, deviate sexual assault, and sexual assault in the first degree. Appellant was sentenced to thirteen years on the sodomy charge and twelve years on the rape charge: the sentences to run consecutively. He was sentenced to six years on the deviate sexual assault and six years on the sexual assault to run concurrently with the rape and sodomy sentences. Appellant also appeals the subsequent denial of his Rule 29.15 motion for postconviction relief.

We set forth the facts in the light most favorable to the verdict. The victim, J.L., is the step-daughter of appellant and was 16 years old at the time of trial. Her stepfather and her mother were divorced when J.L. was about eight years old. Following the divorce, J.L. lived with her mother and J.L.'s brother, D.C., lived with appellant. J.L. visited her stepfather every other weekend either at a home owned by appellant's mother in Schuyler County, Missouri, or in appellant's trailer. Appellant slept in a bed with J.L., and D.C. slept in another room. Appellant began having oral sex with J.L. when she was about eight. When J.L. was about eleven, appellant began having sexual intercourse with her. This sexual activity occurred nearly every time J.L. visited appellant.

In May 1987, when J.L. was twelve years old, she visited appellant in Schuyler County and he had oral sex and sexual intercourse with her. In May 1989, appellant again had oral sex and sexual intercourse with J.L. during her visit to Schuyler County.

J.L.'s cousin, L.G., observed appellant engaging in sexual acts with J.L. on three separate occasions. On one such occasion, L.G. saw appellant touching J.L.'s "private area." Appellant saw her and threatened her with "living hell" if she told anyone. Vickie Whitlow, a DFS employee, and Linda Barrett, a counselor, interviewed J.L. and she told them appellant had been having sexual contact with her since she was eight years old.

At trial, appellant testified in his own behalf, denying J.L.'s charges and testifying that J.L. had never spent a night with him. This was disputed on rebuttal by J.L.'s brother, D.C., who testified that every other week J.L. spent the night with appellant. He also testified that there were two bedrooms in appellant's trailer, his and appellant's, and that he never saw J.L. sleep on the couch by herself. Junior Richman testified that on several occasions he saw J.L. riding in an automobile with appellant and, on about a dozen occasions, he saw her enter appellant's trailer.

On appeal, appellant raises ten points of error and mixes his complaints between the appeal from the conviction and the appeal from the findings on his 29.15 motion. This court has attempted to sort out the various points and present them in a systematic order.

## PART I

### ACTIONS OF THE TRIAL COURT

Appellant first complains that the trial court committed plain error in permitting Whitlow and Barrett to testify concerning statements made to them by J.L. because their testimony was inadmissible hearsay and improperly bolstered J.L.'s testimony.

Under Rule 30.20 we have discretion to invoke plain error. We use the rule sparingly and limit its application to those cases where there is a strong, clear demonstration of manifest injustice or miscarriage of justice. *State v. Hubbard,* 659 S.W.2d 551, 555–56 (Mo.App.1983). Such is not the situation in the instant case. The corroboration of J.L.'s complaints comes from the witness L.G. not from the statements J.L. made to Whitlow and Barrett. The evidence of guilt is overwhelming and there is no injustice or miscarriage of justice in not applying the rule. *State v. Williams,* 637 S.W.2d 839, 841 (Mo.App. 1982).

The burden is on appellant to prove the alleged error amounted to manifest injustice. *State v. Sanders,* 628 S.W.2d 390, 392 (Mo.App.1982). Appellant has failed to meet this burden. Appellant's Point I is denied.

Appellant's Point II is related to his 29.15 appeal and is addressed in Part II below. Appellant's Point III alleges trial court error in denying his motion for judgment of acquittal at the close of all the evidence because there was insufficient evidence to establish the sodomy was committed by "using forcible compulsion," as stated in the information.

Count I of the information states:

On or about the 16th day of May, 1987 in said County of Schuyler, State of Missouri, the Defendant did then and there wilfully, maliciously, intentionally and with specific criminal intent commit the crime of sodomy, a Class B felony, in violation of Section 566.060 RSMo.... in that said Dennis Collis did have deviate sexual intercourse with a person, under the age of fourteen years, not being married to said person without her consent and using forcible compulsion....

"Using forcible compulsion" is surplus language. It is not necessary that the state prove the surplus language. *State v. Horne,* 778 S.W.2d 756, 757 (Mo.App.1989).

Appellant was charged under § 566.-060(3), RSMo Cum.Supp.1992, which reads, "A person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." The complained-of phrase is contained in § 566.-060(1). Forcible sodomy, however, is a class A felony and appellant was charged with the class B felony of sodomy. Because J.L. was less than fourteen years old, the state properly used § 566.060(3) and unartfully added inapplicable language. The verdict director, Instruction No. 7, properly set out the elements of the offense:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about May 16th, 1987, in the County of Schuyler, State of Missouri, the Defendant placed his penis within the mouth of [J.L.] to have her perform fellatio upon him, and

Second, that such conduct constituted deviate sexual intercourse, and

Third, that [J.L.] was then less than fourteen years old, and

Fourth, that Defendant was not then married to [J.L.],

then you will find the Defendant guilty under Count I of sodomy.

It is not necessary for the state to either allege or prove surplus language. Appellant's Point III is denied.

Appellant's Point IV mirrors his Point III by alleging the trial court plainly erred in sustaining the jury verdict as to Count I because the case submitted to the jury, sodomy with a child under fourteen, was fatally in variance with the crime charged in the information, forcible sodomy. Again, this claim was not preserved for appellate review. It is raised for the first time in this appeal.

It is true that surplusage was contained in the information. It is surplusage under *Horne,* and it should be ignored. This surplus language did not cause the jury to convict appellant. Such surplus language did not charge a new and distinct offense than that submitted to the jury and, hence, it is not fatally in variance with the case submitted to the jury. *State v. Brigman,* 784 S.W.2d 217, 222 (Mo.App.1989).

Instruction No. 7 did not submit an offense to the jury that was new and distinct

from the offense charged. Both the information and the instruction charged appellant with a class B felony, not the class A felony of forcible sodomy. Appellant's Point IV is denied.

■ Appellant alleges in Point V that by trying him on an information that contained two separate offenses he was unable to prepare a defense because he could not know which offense he was charged with. Because appellant did not raise this issue at trial or in his motion for a new trial, appellant is evidently proceeding under plain error on this point, although his point relied on is silent in this respect.

When the issue of sufficiency of the information is raised for the first time after the verdict, the information will be deemed insufficient only if it is so defective that:

(1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced. In either event, a defendant will not be entitled to relief based on a post-verdict claim that the information ... is insufficient unless the defendant demonstrates actual prejudice.

*State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc 1993). The information contained the elements of the offense of sodomy essential to apprise appellant of the offense and enable him to meet the charge and bar further prosecution.

Appellant is not prejudiced by an unartfully drafted information. Rule 23.11 provides that "no information shall be invalid because of any defect therein which does not prejudice the substantial rights of the defendant." We are unable to find that appellant has been prejudiced by the language of the information. We will reverse only if the "information is so defective that by no reasonable construction can it be read to charge the defendant with the offense for which he was convicted." *Puckett v. State*, 782 S.W.2d 454, 455 (Mo.App. 1990).

Clearly the information properly charged appellant with sodomy of a child under the age of fourteen to whom he is not married,

a class B felony. The surplusage does not change this charge. Further, the information is sufficient to constitute a bar to another prosecution for the same offense. *State v. Westrich*, 800 S.W.2d 78, 79 (Mo. App.1990). Point V is denied.

■ In Point VI, appellant alleges that the trial court committed plain error by permitting Linda Barrett, a professional counselor, to testify about the traits of trauma a sexually abused child exhibits, because this testimony invaded the province of the jury. Linda Barrett testified that sexually abused children are often depressed and withdrawn and that their grades in school are usually negatively affected. Barrett had counseled with J.L. and testified that J.L. exhibited depression, suicidal thoughts, low self-esteem, a flat affect and plunging grades. Barrett testified that these traits are consistent with those exhibited by a person who has been subjected to continuing sexual abuse.

Because no objection was made to this testimony and the issue was not addressed in appellant's motion for a new trial, we review appellant's contention under the plain error standard: whether the testimony resulted in a manifest injustice. *State v. Sandles*, 740 S.W.2d 169, 175 (Mo. banc 1987), *cert. denied*, 485 U.S. 993, 108 S.Ct. 1303, 99 L.Ed.2d 513 (1988). Barrett's testimony was specific, it described the condition affecting J.L. It was not merely a generalization of what constituted sexual abuse trauma.

Appellant relies on *State v. Taylor*, 663 S.W.2d 235 (Mo. banc 1984), for the proposition that testimony that a prosecutrix suffers "rape trauma syndrome" is inadmissible. Although this statement is true, the testimony offered by Barrett does not include any such statement. Further, *Taylor* holds that a psychology expert may testify that the victim possesses and exhibits the characteristics consistent with those resulting from a traumatic stress reaction. *Id.* at 240. Missouri courts have held that evidence of the complainant's psychological changes is relevant to prove the elements of the sexual offense itself and, thus, may be admitted to show that the offense did

occur. *State v. Burke*, 719 S.W.2d 887, 889 (Mo.App.1986).

> Common experience teaches us a sexual offense can cause behavioral and personality changes in the complainant. Evidence of such changes renders the occurrence of the offense more probable than it would be without such evidence. This evidence is, therefore, relevant. The probative value of this evidence has been weighed against its potentially prejudicial effect to determine whether to exclude the evidence. The relative trustworthiness of observations of change by disinterested experts and those by interested kin is included in this determination. The determination has been and is to permit kin as well as experts to testify about their observations.

*Id.* at 890. That is what occurred at the trial of the instant action. Appellant's Point VI is denied.

In Point VII, appellant again alleges plain trial court error in failing to *sua sponte* declare a mistrial because, in his closing argument, the prosecuting attorney stated that appellant should be put in prison so that sexual abuse will "not happen to anyone else." Appellant failed to object to the statement and did not raise the issue in his motion for a new trial. Missouri courts have held that relief should rarely be granted in matters such as this because trial strategy plays an important role and counsel's failure to object may be part of this strategy in order to "set the stage for built in error." *State v. Bogue*, 788 S.W.2d 772, 775 (Mo.App.1990).

The trial court is allowed broad discretion in controlling closing argument. *Id.* Here the court was not called upon to exercise such discretion. After complete review, we find no sound or substantial demonstration of manifest injustice such as would require reversal. *State v. Wood*, 719 S.W.2d 756, 759 (Mo. banc 1986). Appellant's Point VII is denied.

Appellant's Point VIII addresses his Rule 29.15 motion and is addressed in Part II below. In Point IX we are once again asked to find the trial court plainly erred by submitting Instruction No. 4 patterned after MAI–302.04 defining reason-

able doubt. There is no merit in this allegation. Appellate courts of this state have reviewed this allegation on many occasions and found it lacking. Because the trial court gave the applicable instruction, this court may not declare it erroneous. *State v. Franklin*, 752 S.W.2d 937, 939 (Mo.App. 1988). The Missouri Supreme Court is the sole arbiter of instructions and it has approved this reasonable doubt instruction on numerous occasions. *State v. Blankenship*, 830 S.W.2d 1, 13 (Mo. banc 1992); *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991); *State v. Reese*, 795 S.W.2d 69, 74–75 (Mo. banc 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1025, 112 L.Ed.2d 1106 (1991). Appellant's Point IX is denied.

In Point X, appellant alleges plain error by the trial court in permitting the state to call rebuttal witnesses because they had not been disclosed prior to trial. Appellant's counsel did not object when the state called Junior Richman and D.C. as rebuttal witnesses. He did raise the claim in his motion for a new trial. We are asked to rule that this constituted manifest injustice such as would prejudice appellant. *State v. Sandles*, 740 S.W.2d at 175. It is firmly established that a witness may be called in rebuttal who has not previously been disclosed. The trial court's responsibility is to determine whether the proposed witness is properly a rebuttal witness. *State v. Curtis*, 544 S.W.2d 580, 581 (Mo. banc 1976). Appellant offered evidence that he did not have overnight visitation with J.L. and that he had not been in a car with J.L. In rebuttal, the state offered Richman and D.C. who testified that appellant had, in fact, had visitation with J.L. and had been in a car with J.L. This constituted proper rebuttal evidence. *State v. Mitchell*, 622 S.W.2d 791, 797 (Mo. App.1981). Appellant's Point X is denied.

## PART II

### ACTIONS OF THE MOTION COURT

We next take up appellant's complaints regarding the motion court's denial of his Rule 29.15 motion. Appellant claims he was denied effective assistance of counsel because his counsel: (1) failed to object to

the testimony of Whitlow and Barrett on grounds of hearsay and improper bolstering; (2) failed to cross-examine state's witness, L.G., concerning inconsistencies in her testimony between the first and second trial; (3) failed to object to the variance between the crime submitted to the jury and the charged offense; (4) failed to object to Barrett's testimony regarding the traits of trauma exhibited by sexually abused children and that J.L. exhibited these symptoms or, alternatively, that appellant's post-conviction attorney abandoned appellant by failing to raise this issue before the motion court; (5) failed to inquire on voir dire whether any venire person was a friend or social acquaintance of the prosecuting attorney or, alternatively, that appellant's post-conviction attorney abandoned appellant and rendered ineffective assistance of counsel by failing to raise this claim in the first amended motion; and (6) failed to object when the state called Richman and D.C. as rebuttal witnesses or, alternatively, that appellant was abandoned by his post-conviction attorney for his failure to raise this error with the motion court.

In reviewing appellant's Rule 29.15 motion we are limited to determining if the findings, conclusions and judgment of the motion court are clearly erroneous. *Jones v. State,* 771 S.W.2d 349, 351 (Mo.App. 1989). Only if the reviewing court is left with a definite impression that a mistake has been made will the judgment be reversed. *Abrams v. State,* 698 S.W.2d 15, 17 (Mo.App.1985).

In reviewing claims of ineffective assistance of counsel, appellate courts must determine "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). This test has two components.

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that

the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687, 104 S.Ct. at 2064.

In his first argument concerning his Rule 29.15 motion, appellant claims his counsel provided ineffective assistance by failing to object to the testimony of Whitlow and Barrett on hearsay and improper bolstering grounds. Applying the first prong of the test we must determine whether this failure to object constitutes deficient performance.

Appellant cites several cases to bolster his argument that the testimony was inadmissible hearsay. These cases, however, fail to support appellant's position because the deciding courts based their opinions on whether the declarants were available for cross-examination by the defendant. *See State v. Harris,* 620 S.W.2d 349, 355 (Mo. banc 1981) (testimony allowed because declarant available for cross-examination); *State v. Robinson,* 484 S.W.2d 186, 189 (Mo.1972) (allowed testimony because declarants were in court and subject to cross-examination); *State v. Jankiewicz,* 831 S.W.2d 195 (Mo. banc 1992) (reversed because declarant was small child and, thus, "unavailable" for meaningful cross-examination); *Idaho v. Wright,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990) (statements made by child who was "not capable of communicating to the jury").

In the instant action, the victim testified and was subjected to cross-examination by appellant. Counsel's objection, had he made one, would not have been upheld because of the declarant's availability for cross-examination. Therefore, counsel's failure to object does not constitute deficient performance and appellant fails to meet the first of the two prong test.

■ As to the improper bolstering claim, appellant cites *State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987). In *Seever*, the state played a videotaped statement given by the victim and also placed the victim on the stand to offer live testimony. In *State v. Carey*, 808 S.W.2d 861 (Mo.App.1991), however, the court held that because testimonies of the corroborating witnesses were not entirely duplicative and each witness described the circumstances surrounding the witness's statements to them, the statements had probative value apart from the victim's testimony and, therefore, were not improper bolstering. *Id.* at 877. In the instant action, Whitlow and Barrett testified about the cause of their investigation and described the circumstances surrounding J.L.'s statements to them. It was not, therefore, deficient performance on the part of appellant's trial counsel to fail to object to the testimony as improperly bolstering. Appellant's first point concerning his Rule 29.15 motion is denied.

■ Appellant next contends that he was denied effective assistance of counsel because his counsel failed to cross-examine state's witness L.G. concerning her testimony at the second trial that was inconsistent with her testimony at the first trial. The first trial of the matter ended in a hung jury.

At both trials, L.G. testified that she witnessed sexual contact between appellant and J.L. on an occasion when they had all gone blackberry picking. At the second trial, upon being asked who went on the outing, L.G. listed appellant, J.L., herself and D.C. At the first trial, in response to the same inquiry, L.G. listed only appellant, J.L. and herself. When describing what she witnessed, L.G. stated during the second trial that appellant was "just touching her and feeling her" on her "private areas." At the first trial, L.G. testified that appellant was performing oral sex on J.L.

At both trials, L.G. testified that she had seen appellant and J.L. together in the bedroom of appellant's trailer. During the second trial L.G. testified that when she saw them they were having oral sex. During the first trial she testified that when she saw them, appellant was "having sexual intercourse with her."

At both trials, L.G. testified that she witnessed a third encounter between appellant and J.L. in an upstairs bedroom of a pink house. At the second trial, she testified that appellant was just touching J.L. in her "private areas." At the first trial, she testified that appellant was having sexual intercourse with J.L.

The motion court ruled that the inconsistency in L.G.'s testimony was not of "sufficient substance to have any bearing upon the result." The motion court also found that counsel's failure to impeach L.G.'s testimony with her prior inconsistent statements was a matter of trial strategy and not ineffective assistance. Appellant's trial counsel testified that there were other, more important inconsistencies in and problems with L.G.'s testimony and, on cross-examination he concentrated on those areas rather than the inconsistencies that he believed were relatively minor by comparison.

■ The decision concerning whether to impeach a witness with prior inconsistent statements is a matter of trial strategy and cannot be the basis for a breach of any duty toward appellant. *Berry v. State*, 714 S.W.2d 676, 678 (Mo.App.1986). Absent a rare finding that such a strategic choice is unsound, the ineffective assistance allegation is overcome by the strong presumption that counsel's actions were correct. *Id.* We cannot find that counsel's strategic choice was unsound and, therefore, appellant's second argument concerning his Rule 29.15 motion is denied.

Appellant's next allegation of error against the motion court concerns his counsel's failure to object to the variance between the crime submitted to the jury and the charged offense. As noted above in Part I, the information merely contains surplus language and, as such, did not prejudice appellant in the preparation of his defense. Because an objection at trial would have had no merit, we cannot find that appellant's counsel's performance was deficient. Appellant's third allegation of error against the motion court is denied.

■ Because appellant did not raise his fourth, fifth, and sixth allegations of error against the motion court in his Rule 29.15

motion, he did not preserve those points for appeal. He asks this court to review them for plain error. The effect of Rule 29.-15(d), however, is to bar all claims that have not been raised in a timely filed pleading. *State v. Twenter*, 818 S.W.2d 628, 641 (Mo. banc 1991).

> There is no such thing as plain error in postconviction relief cases. Appellate review of the trial court's action on a post-conviction relief motion is *"limited"* to a determination of whether the findings and conclusions of the motion court are clearly erroneous.

*Clemmons v. State*, 795 S.W.2d 414, 418 (Mo.App.1990), *cert. denied*, — U.S. —, 111 S.Ct. 1689, 114 L.Ed.2d 83 (1991); *Blakely v. State*, 795 S.W.2d 570, 572 (Mo. App.1990). Because appellant failed to preserve his points for review, we do not address them herein.

Appellant claims, alternatively, that his post-conviction counsel was ineffective and abandoned him by failing to raise these issues in the Rule 29.15 motion. "There is no constitutional right to counsel in a post-conviction proceeding." *State v. Hunter*, 840 S.W.2d 850, 871 (Mo. banc 1992) (citing *Coleman v. Thompson*, — U.S. —, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991)). Therefore, there can be no claim to ineffective assistance of post-conviction counsel. *Id.* "Claims of ineffective assistance of post-conviction counsel are categorically unreviewable." *Hunter*, 840 S.W.2d at 871.

The judgments of the trial court and the motion court are affirmed.

All concur.