**David L. MORGAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 63499.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 5, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 10, 1993.

Application to Transfer Denied
Dec. 21, 1993.

David C. Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

On August 19, 1992, Defendant pleaded guilty to three counts of second degree burglary. The trial court sentenced Defendant as a prior offender to concurrent terms of ten years' imprisonment on each count. The court further found Defendant to be a Class X offender pursuant to § 558.019.3, RSMo Supp.1992. Defendant filed a timely Rule 24.035 motion for postconviction relief, which was denied without an evidentiary hearing. Defendant appeals.

Our review of the motion court's denial of Defendant's Rule 24.035 motion is limited to determining whether it is clearly erroneous. Rule 24.035(j). Defendant is entitled to an evidentiary hearing on his motion only if he pleads facts, not conclusions, which if true would warrant relief; the facts are not refuted by the record; and matters have resulted in prejudice to him. *Wedlow v. State*, 841 S.W.2d 214, 216[2] (Mo.App.1992).

On appeal, Defendant first argues using the same prior convictions to enhance his sentence as a prior and persistent offender under § 558.016, RSMo Supp.1992, and to subject him to a minimum term of imprisonment as a Class X offender under § 558.019 violates double jeopardy. We disagree.

The Double Jeopardy Clause protects Defendant from multiple punishments for the same offense. *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678[1], 74 L.Ed.2d 535 (1983); *State v. McTush*, 827 S.W.2d 184, 186[1] (Mo. banc 1992). Our courts have consistently found enhancement of a defendant's sentence with prior convictions " 'does not constitute a separate offense or punishment, but a single culmination of a single accusation and adjudication of guilt.' " *Berry v. State*, 714 S.W.2d 676, 678[5] (Mo.App. 1986), *quoting, State v. Quick*, 639 S.W.2d 880, 884 (Mo.App.1982); *See also, Layton v. State of S.D.*, 918 F.2d 739, 743[5] (8th Cir. 1990) (application of both habitual offender statute and statute permitting doubling of sentence if defendant is in prison did not

violate double jeopardy). The Double Jeopardy Clause is not implicated where Defendant is not punished more than once for an offense, but rather only the severity of his sentence is determined. Here, Defendant received only one punishment. Point denied.

 In Point II, Defendant contends insufficient evidence existed to convict him as a Class X offender. To sentence Defendant as a Class X offender, the State must prove beyond a reasonable doubt Defendant has been convicted of three prior felonies committed at different times. § 558.019.5, RSMo Supp.1992; § 558.021.1, RSMo 1986. Defendant avers the State failed to show his three prior convictions were "committed at different times" as required by § 558.019.-4(3).

The motion court did not clearly err in finding the record refuted Defendant's allegation. The information charging Defendant as a Class X offender listed three prior felony convictions of February 26, 1990. At the guilty plea hearing, the State averred Defendant had pleaded guilty to "three totally separate" burglary cases, which were "entirely separate incidents." Defendant admitted under oath he had previously pleaded guilty to three "separate" burglary charges. Here, a reasonable inference exists that the three prior crimes were committed at different times. *State v. Williams*, 800 S.W.2d 118, 120[3] (Mo.App.1990). Defendant has failed to rebut this inference. Point denied.

In his final point, Defendant contends his trial counsel was ineffective for failing to investigate his case and adequately confer with him about going to trial.

After pleading guilty, Defendant's claim of ineffective assistance of counsel is material only to the extent it affects the voluntariness of his plea. *Grayse v. State*, 817 S.W.2d 640, 642[3] (Mo.App.1991). To succeed on a claim of lack of investigation, Defendant must allege what information his attorney failed to discover, a reasonable investigation would have discovered the information, and the information would have aided his defense. *Fox v. State*, 819 S.W.2d 64, 65[3–5] (Mo.App.1991).

Defendant failed to make any allegations of what a full investigation in his case would have revealed. Therefore, his claim of failure to investigate must fail. Further, Defendant's allegation is refuted by the record. Defendant testified he told his attorney everything he knew about the case and he had no complaints about her representation. "Where a movant assures the trial court at his guilty plea hearing that he is satisfied with his trial counsel's performance, the movant cannot later claim the contrary." *Fox*, 819 S.W.2d at 67[7]. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.