STATE of Missouri, Respondent,

v.

EZELL MARTIN, Appellant.

Ezell MARTIN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 62589, 64940.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 6, 1994.

Robert E. Steele, Jr., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., R. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Ezell Martin, was charged with one count of tampering in the first degree, in violation of § 569.080 RSMo1986. Defendant was also charged as a prior and persistent offender. After a guilty verdict, he was sentenced by the court to a term of twelve years. Defendant filed a Rule 29.15 pro se motion, contending, among other things, that the State did not prove that he was a persistent offender. His court-appointed counsel then filed an amended motion, which incorporated defendant's pro se motion, as well as presenting additional points for relief. After an evidentiary hearing, the motion court issued findings of fact and conclusions of law denying defendant's motion.

In this consolidated appeal, defendant raises two points: (1) the trial court committed plain error in that the State failed to prove beyond a reasonable doubt that defendant was a prior and persistent offender and (2) the trial court committed prejudicial error when it denied defendant's motions for judgment of acquittal, because the evidence was insufficient to establish defendant's guilt beyond a reasonable doubt. We affirm the conviction. However, we reverse and remand for resentencing if the State proves defendant was a prior and persistent offender and for a retrial if it does not.

The charge of tampering in the first degree was proven with the following evidence. On November 2, 1992, Todd Valentine parked his 1983 Buick Riviera in the Schnucks parking lot at approximately 1:00 p.m. to go to work. The car was in perfect condition; in particular, it did not have a broken steering column. Valentine took the keys to the car with him. On that day, Valentine did not give anyone, including defendant, permission to operate his car. At approximately 5:00 p.m., Valentine finished work and went to the parking lot, where he discovered that his car was missing. He reported the missing vehicle to police at approximately 5:15 p.m. and provided them with a description of his car and the license plate number. At about 7:00 p.m., St. Louis Police Officer Anthony Boone received the latest "hot list" of the license plate numbers of all vehicles reported stolen in St. Louis City and County. At approximately 7:22 p.m., Officer Boone saw a Buick Riviera with a plate number matching one on the "hot list." Boone verified that the license plate was still reported stolen, called for an assist car, and followed the vehicle until the driver pulled over to the curb on Bacon Street. Defendant was the only person in the car. Boone observed that the steering column was

broken or "peeled back," exposing a switch that allowed the car to be started without keys. Boone found keys in the car's ignition, but these keys did not start the ignition or open the doors or trunk. Boone found a screwdriver in the car. Police called Valentine to the scene, where he identified the vehicle as the one he had reported missing a few hours earlier. Valentine did not recognize the keys that were found in the car's ignition, nor did the screwdriver belong to him. Valentine's keys would no longer operate the vehicle, forcing him to use a screwdriver and the exposed switch to operate it until the steering column was repaired.

We find defendant's second point on appeal challenging the sufficiency of the evidence to support a guilty verdict is wholly without merit. In reviewing the record on appeal, we view the evidence in the light most favorable to the State, together with all reasonable inferences to be drawn therefrom and ignore contrary evidence and inferences. *State v. Livingston*, 801 S.W.2d 344, 345 (Mo. banc 1990). These principles apply whether the evidence is direct or circumstantial. *State v. Simpson*, 718 S.W.2d 143, 146 (Mo. App.1986).

Defendant was convicted of violating § 569.080.1(2) RSMo1986, tampering in the first degree, which provides "[a] person commits the crime of tampering in the first degree if . . . [h]e knowingly receives, possesses, sells, alters, defaces, destroys or unlawfully operates an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle without the consent of the owner thereof." Defendant claims the evidence was not sufficient to prove the "knowingly" element of the crime beyond a reasonable doubt. Direct proof of the required mental state is seldom available, and such intent is usually inferred from circumstantial evidence. *Simpson*, 718 S.W.2d at 146. Even in a circumstantial evidence case, the evidence need not be conclusive of guilt, nor must the evidence exclude every hypothesis of innocence. *Id.*

■ Absence of consent of owner is undisputed. The dispute is on proof defendant knew he did not have consent. The steering column in the vehicle was not broken when Valentine parked his car but was broken when defendant was found driving the car approximately six and a half hours later. A screwdriver useful in by-passing an ignition key was found in the car. The tool did not belong to Valentine; it must have belonged to defendant. Furthermore, a set of keys that Valentine did not recognize and did not start the car were found in the ignition. This was strong evidence to support the inference that defendant "knowingly" operated the vehicle without the owner's consent. Point denied.

Defendant, as a movant under Rule 29.15, argues the motion court plainly erred in denying post-conviction relief because, in sentencing him to an extended term, the trial court committed plain error and denied him due process of law in that the State failed to prove beyond a reasonable doubt that defendant was a prior and persistent offender. Defendant alleged in his motion, "[T]he state did not prove defendent [sic] to be a persistant [sic] offender. . . . [A hearing] would have shown that none of the information on the information sheet was ever brought up and no such hearing was ever held to prove beyond a reasonable doubt that the defendant is a persistantt [sic] offender." Defendant claims, *inter alia*, (1) the State tendered no evidence that defendant had been convicted with counsel and served time on any of the offenses alleged in the information as priors and (2) the State did not charge prior convictions that it did prove to support finding defendant was a prior and persistent offender.

■ Review of the motion court's ruling on a 29.15 claim is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 29.15(j). The findings and conclusions will be found clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

In its findings of fact and conclusions of law, the motion court stated, "Movant contends that the state did not prove movant to be a persistent offender. The trial transcript

refutes this contention. This claim is without merit and is denied." The pertinent portion of the trial transcript reads as follows:

The Court ... received evidence directed to the charge that Defendant is a prior and persistent offender....

The Court now finds beyond a reasonable doubt that: 1. The Defendant ... did on April 7, 1981, in Division 12 of the Circuit Court of the County of St. Louis, pled [sic] guilty in Cause Number 450–191 to stealing over one hundred fifty dollars ($150.00), a Class C felony....

The Defendant did on April 7, 1981, in Division 12 in the Circuit Court of the County of St. Louis pled [sic] guilty in Cause Number 449–287 to carrying a concealed weapon, a Class C felony....

The Defendant was duly convicted of the aforesaid two felonies, which were committed at different times and wholly unrelated to this cause.

The Defendant ... is a prior and persistent offender.

The information, however, charged defendant as a prior and persistent offender based on four counts of tampering in the first degree, to which defendant allegedly pled guilty on the following dates: December 7, 1990; March 16, 1988; August 19, 1985; and June 18, 1984. The State never amended the information to include charges it proved; April 7, 1981, convictions of stealing over one hundred fifty dollars ($150.00) and carrying a concealed weapon. Thus, the trial court based its finding that defendant was a prior and persistent offender on convictions other than those which were charged in the information.

■ Section 558.021.1(1) RSMo1986 authorizes an extended sentence if, but only if, "[t]he indictment or information, original or amended, or the information in lieu of indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender...." In addition, § 558.016.1 imposes as a precondition a requirement the court *find* the defendant is a persistent offender. This statute contemplates that the convictions be found according to indictment or information

and that the proof shall conform with the charge. *State v. Thompson,* 629 S.W.2d 369 (Mo. banc 1982) [opinion of the Missouri Court of Appeals, Western District, 629 S.W.2d 361 adopted by the Missouri Supreme Court on March 9, 1982]. Here, the trial court could not find according to the information, because there was no proof of the alleged priors. There is some dispute over whether this error was properly raised in defendant's 29.15 motion. We have quoted the relevant allegations. There is an obvious discrepancy between the charges contained in the information and the proof of uncharged crimes to support a finding defendant was a prior and persistent offender. As a matter of plain or preserved error, defendant is entitled to a hearing on the allegations supporting a prior and persistent offender status.

We have considered cases that affirmed a finding defendant was a prior and persistent offender, although the dates of the previous convictions contained in the indictment and those on which the trial court based its finding were different. In these cases, the alleged prior crimes were the same as those proven. In *State v. Cullen,* 646 S.W.2d 850 (Mo.App.1982), the date given as defendant's previous conviction of possession of a controlled substance was October 5, 1979, in the amended information, whereas the court judicially noticed that it was October 1, 1979. *Id.* at 855. The court concluded the variance did not prejudice defendant and therefore was not fatal to sentence enhancement. *Id.* Likewise, in *State v. Quick,* 639 S.W.2d 880 (Mo.App.1982), the charge of prior felony alleged a conviction for burglary on or about March 7, 1972, and a conviction for theft of a motor vehicle on or about September 14, 1955. *Id.* at 883. The actual proof, however, was by certificates of convictions for crimes committed on March 6, 1972, and September 12, 1955. The court found the discrepancy in the dates was not fatal to judgment as a persistent offender, because defendant admitted during cross-examination the burglary conviction in 1972 and the post-verdict persistent offender inquiry admitted the conviction for the motor vehicle theft on September 12, 1955. *Id.* The court held this technical oversight prejudiced neither the defense nor

any other substantial right. *Id.* In *State v. Franklin,* 547 S.W.2d 849 (Mo.App.1977), the information charged defendant pled guilty on February 23, 1972, to a charge of intent to rob with malice aforethought and on February 23, 1972, he was sentenced. *Id.* at 851. The record of prior conviction, however, showed the guilty plea had actually been made on October 18, 1971, and the charge was that of assault with intent to rob, without malice, instead of intent to rob with malice aforethought. *Id.* The court found the variances between the dates and the charges to which defendant pled guilty could not prejudice defendant, unless he was misled or in some way handicapped in the preparation of his defense. *Id.* The court held defendant was not misled or handicapped, as evidenced by the fact that defendant admitted on his own testimony he had been convicted of assault with intent to rob and had served time with respect to that conviction. *Id.*

These cases are inapplicable to the case at bar. Although there was a date discrepancy in both *Cullen* and *Quick,* the actual charges of which the defendants were convicted were listed correctly in the charge. Those defendants had notice of the charges on which the prosecution was basing the claim of prior and persistent offender. Furthermore, in *Quick,* the convictions were admitted. In *Franklin,* there was a discrepancy in both the date and the charge. However, the defendant admitted the conviction. In the case at bar, not only were the dates of the convictions alleged in the information different from those actually proven, the actual charges were different. The charges in the information were four counts of tampering and those proven at trial were stealing over one hundred fifty dollars ($150.00) and carrying a concealed weapon. The charged and the proven offenses were wholly unconnected. Thus defendant had no notice of the charges on which the court heard evidence and based its finding that defendant was a prior and persistent offender. In addition, unlike *Quick* and *Franklin,* there was no admission of the convictions on the prior offenses.

■ The provisions for repeat offender sentencing do not create an additional substantive offense or crime. Error associated with the charge, proof, or court findings in this respect does not require an unconditional remand for a new trial on the issue of guilt or innocence. *State v. Street,* 735 S.W.2d 371, 373–374 (Mo.App.1987). The appropriate remedy is a limited remand for the purpose of permitting the State to prove the allegations in the information or to amend the information and submit proof supporting repeat offender sentencing. There must be proof of at least prior offender status. If the proof fails, a new trial is required so that a jury may consider all issues.

The guilty verdict is supported by the evidence. The cause is remanded for the purpose of hearing evidence on allegations of prior convictions in the information or as amended. If the allegations are proven, the court may resentence. If not, the court must grant a new trial.

AHRENS, P.J., and SIMON, J., concur.