Brandon VICKERS, Appellant,

v.

STATE of Missouri, Respondent.

No. 21527.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 24, 1997.

Stephen P. Carlton, Springfield, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for Respondent.

MONTGOMERY, Chief Judge.

Brandon Vickers (Movant) appeals from the denial of his Rule 24.035 motion challenging his sentence as a prior and persistent offender. We vacate Movant's sentence and remand to the circuit court with directions for resentencing.

On January 22, 1996, by amended information, Movant was charged with the class C felony of stealing. The amended information further alleged that Movant was a prior and persistent offender under §§ 558.016 and 557.036.4 [1] in that he had been found guilty of forgery and property damage.[2]

During his jury trial, Movant decided to withdraw his plea of not guilty to the stealing charge and enter a plea of guilty. The trial court had earlier made a finding that Movant was a prior and persistent offender in that he had been adjudged guilty of forgery on

1. Statutory references are to RSMo 1994.

2. A "persistent offender" is a person who has pleaded guilty to or been found guilty of two or

July 23, 1994, and of property damage on November 28, 1994. The trial court accepted Movant's guilty plea. After a presentence investigation, Movant was sentenced as a persistent offender to a prison term of 20 years.

Subsequently, Movant filed a Rule 24.035 motion which, after an evidentiary hearing, the motion court denied. This appeal followed.

Here, the State concedes Movant's point that he was improperly sentenced as a persistent offender. The State admits that the trial court erroneously found him to be a persistent offender based on prior convictions of forgery and property damage when, in fact, Movant had no forgery conviction. According to the State, the alleged forgery conviction was actually a felony stealing conviction.

Section 558.021.1(1) RSMo 1986 authorizes an extended sentence if, but only if, '[t]he indictment or information, original or amended, or the information in lieu of indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender....' In addition, § 558.016.1 imposes as a precondition a requirement the court *find* the defendant is a persistent offender. This statute contemplates that the convictions be found according to indictment or information and that the proof shall conform with the charge.

*State v. Martin,* 882 S.W.2d 768, 771 (Mo. App.1994).

In *Martin,* as to defendant's persistent offender status, the State alleged prior convictions for four counts of tampering but proved at trial convictions for stealing and carrying a concealed weapon. Because the charged and proven offenses were unconnected, the appellate court remanded the case "for the purpose of permitting the State to prove the allegations in the information or to amend the information and submit proof sup-

more felonies committed at different times. § 558.016.3.

porting repeat offender sentencing." *Id.* at 772.

◼ Here, as in *Martin,* at least one of the charged prior convictions was unproven. Clearly, the State failed to prove Movant's persistent offender status founded upon a property damage conviction and a non-existent forgery conviction. Based on *Martin,* we agree that the trial court erroneously sentenced Movant as a persistent offender and that the motion court likewise erred in denying Movant's Rule 24.035 motion.

◼ The proper relief to grant Movant is well established. "The cases are uniform in holding that provisions for repeat offender sentencing do not create an additional substantive offense or crime and that error associated with the charge, proof or court findings in this respect does not require an unconditional remand for a new trial on the issue of guilt or innocence." *State v. Street,* 735 S.W.2d 371, 373–74 (Mo.App.1987). "The appropriate remedy is a limited remand for the purposes of permitting the state to amend the information and submit proof supporting repeat offender sentencing." *Id.* at 374. *See Dudley v. State,* 903 S.W.2d 263, 266–67 (Mo.App.1995) (holding, in a Rule 24.035 proceeding, that remand for resentencing proper in absence of evidence and finding that Movant was a persistent offender).

Because Movant was improperly sentenced as a persistent offender and the motion court erroneously denied his Rule 24.035 motion, Movant's sentence is hereby vacated and cause remanded for resentencing. On remand, the State shall be allowed an opportunity to further amend the information and submit evidence supporting Movant's status as a prior or persistent offender. In the unlikely event that such proof fails, Movant must be resentenced as required by law for the class C felony of stealing.

SHRUM and BARNEY, JJ., concur.

