**STATE of Missouri, Respondent,**

v.

**Jesse Earl MILLER, Appellant.**

**No. 52872.**

Supreme Court of Missouri,
Division No. 1.

May 13, 1968.

————————

Norman H. Anderson, Atty. Gen., Jefferson City, James T. O'Brien, Asst. Atty. Gen., St. Louis, for respondent.

Daniel P. Reardon, Jr., St. Louis, for appellant.

HOUSER, Commissioner.

Jesse Earl Miller was charged by information as an habitual offender with assault with intent to maim with malice aforethought. § 559.180.[1] Found guilty by a jury of assault with intent to maim, but without malice aforethought, he was sentenced by the trial judge to confinement in the custody of the department of corrections for a period of four years.

On this appeal his first two points relate to alleged errors in the procedure under the Second Offender Act, § 556.280. First, it is charged that the information was defective in that it failed to allege a commitment or its equivalent, as required by § 556.280, which provides that if any person convicted of any offense punishable by imprisonment in the penitentiary shall be sentenced "and subsequently placed on probation, paroled, fined or imprisoned therefor," he shall receive punishment at the hands of the trial judge. That part of the information invoking the Second Offender Act charged that "on the 27th day of February, 1956, in the Circuit Court for the County of Gene-

1. All section references are to Revised Statutes of Missouri, 1959, and V.A.M.S.

see, State of Michigan, Jesse E. Miller was duly convicted of the charge of larceny from a building, and in accordance with said conviction was duly sentenced by said Court to imprisonment in the State Prison of Southern Michigan, at Jackson, Michigan, for a term of two to four years." It did not allege that he was subsequently placed on probation, paroled, fined or imprisoned on said sentence.

 We recently held that § 556.280 is highly penal and must be strictly construed, and that "both the prior conviction and subsequent probation, parole, fine or imprisonment therefor must be pleaded and proved. State v. Hacker, Mo., 291 S.W.2d 155, 157 [1]." State v. Wiley, Mo.Sup., 412 S.W.2d 485, 487. In that case we reversed the judgment of conviction, pointing out that an information failing to allege the above quoted statutory requirement is insufficient to invoke the Second Offender Act (under which the judge, not the jury, fixes the punishment) ; and finding that the defendant in that case was prejudiced "because the jury might have imposed a lesser punishment than that fixed by the court." 412 S.W.2d, l. c. 487 [5]. Precisely the same situation obtains here. The information lacked the required allegation. The Second Offender Act was not invoked. The court was not authorized to fix the punishment. Appellant was prejudiced because the jury might have imposed a lesser punishment than four years imprisonment in the penitentiary. The punishment for this offense is graded. It ranges from a maximum of five years imprisonment in the penitentiary, through imprisonment in the county jail or a fine and a jail sentence, to a minimum of a fine of not less than one hundred dollars. § 559.190.

 The failure of the information to allege that defendant was subsequently placed on probation, paroled, fined or imprisoned on said sentence necessitates reversal of the judgment and remand of the cause for a new trial. We need not directly pass on the other points raised by appellant because they relate only to alleged errors of procedure and if sustained would not effect an outright reversal. If on remand the information is amended to properly invoke the Second Offender Act the State would be well advised to be prepared to prove by competent evidence that the offense of which defendant is alleged to have been convicted in Michigan is an offense "punishable by imprisonment in the penitentiary" if committed in Missouri, and that defendant was actually convicted, sentenced and either placed on probation, paroled, fined or imprisoned therefor in the State of Michigan. And if the case is retried under the Second Offender Act the State should give consideration to the applicability and effect, if any, of Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, cited by appellant.

Judgment reversed and cause remanded.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.