**STATE of Missouri, Respondent,**

v.

**James H. SULLIVAN, Appellant.**

**No. 54763.**

Supreme Court of Missouri,
Division No. 1.

March 9, 1970.

———◆———

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

Floyd L. Sperry, Jr., Clinton, for appellant.

WELBORN, Commissioner.

Appeal from 10-year sentence, imposed under Second Offender Act, upon jury verdict finding appellant, James Henry Sullivan, guilty of stealing neat cattle. § 560.161, subd. 2(3), RSMo 1959, V.A.M.S.

The issues raised here all relate to the Second Offender Act. We dispose of the appeal, under the plain error rule, Supreme Court Rule 27.20(c), V.A.M.R., on a ground not raised by appellant.

The amended information, in invoking the Second Offender Act, alleged:

"That defendant, James Henry Sullivan, was, in the District Court of Ottawa County, Oklahoma, upon the 21st day of July, 1967, convicted of the offense of Burglary, Second Degree, an offense punishable by imprisonment in the penitentiary in both the States of Oklahoma and Missouri, and upon said conviction was sentenced to a term of three years in the Oklahoma penitentiary and subsequent thereto said defendant appealed said conviction and sentence to the Court of Criminal Appeals for the State of Oklahoma, and thereafter and upon the 27th day of November, 1968, said conviction and sentence was affirmed by said Criminal Court of Appeals."

There is no allegation that appellant was, subsequent to the Oklahoma sentence, placed on probation, paroled, fined or imprisoned therefor, as required by § 556.280 RSMo 1959, V.A.M.S. Although under § 556.280(3), the affirmance of the Oklahoma conviction would permit its being used as a basis for application of the Second Offender Act in this case, the conviction must, nevertheless, have been followed by either imprisonment, probation, parole or fine. State v. Garrett, Mo.Sup., 416 S.W.2d 116, 120 [7–9]. That no evidence was offered in this respect is one of the allegations of error advanced by appellant. We find no such evidence, and the trial court's finding is in the terms of the information, quoted above. The fundamental deficiency in the information is plain error, requiring reversal of the judgment of conviction and remand for a new trial. State v. Miller, Mo.Sup., 427 S.W.2d 506;

State v. Wiley, Mo.Sup., 412 S.W.2d 485, 487 [1–3].

Reversed and remanded.

HOUSER, HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

SEILER, P. J., concurs.

HOLMAN, J., concurs in result in separate concurring opinion filed.

HENLEY, Alt. J., concurs in result and concurs in separate concurring opinion of HOLMAN, J.

STORCKMAN, J., not sitting.

HOLMAN, Judge (concurring in result).

I concur only in the result because, in the usual situation of this kind I would not agree that there should be an unconditional remand for a new trial on the issue of guilt or innocence. I agree that in order to invoke the Second Offender Act it should be alleged, proved, and found by the trial court that defendant, after the alleged prior conviction, was placed on probation, paroled, fined, or imprisoned. It is also true that where any essential element of the statute is not complied with the jury should fix the punishment in the event it finds the defendant guilty. We have, however, established firmly in our decisions that where on appeal a deficiency is found in the proof or finding of the court in regard to the elements required to invoke the Second Offender Act, there will not be an unconditional remand for a new trial on the issue of guilt or innocence. Instead, we remand with directions for the court to hear additional evidence, make findings, and, in the event the proof and findings show that the Second Offender Act was properly applied, the court is directed to resentence the defendant. In the event the deficiencies are not supplied, then the court is directed to order a complete new trial. See State v. Williams, Mo.Sup., 442 S.W.2d 61 [12], and cases cited therein. Since the matter of the application of the Second Offender Act and the question of guilt or innocence are completely separate and have no real relation to each other, I think the practice I have described should be extended to also permit an amendment of the Information in the event the prosecuting attorney so desires in order to supply a deficiency in that respect. This of course is conditioned upon the fact that the Information at time of trial alleged sufficient facts to inform the defendant that the State was endeavoring to invoke the procedure outlined in the Second Offender Act. I see no reason why there should be any difference in the procedure where the deficiency relates to the Information rather than a matter of proof or finding. In any event, upon another trial on the issue of guilt the jury would not fix the punishment if the prosecuting attorney amended the Information in order to supply the necessary elements for application of the Second Offender Act and the proof and finding followed. In that situation it seems a complete waste of judicial personnel to have another trial on the issue of guilt when it would be exactly the same as the first trial in all respects relating to procedure. I recognize that this would require that State v. Wiley, Mo.Sup., 412 S.W.2d 485, and State v. Miller, Mo.Sup., 427 S. W.2d 506, be overruled.

However, I am not dissenting and urging that the court adopt the procedure outlined, because it appears that the facts here would not support the application of the Second Offender Act. This for the reason that while defendant's conviction in Oklahoma was pending on appeal defendant was arrested in Missouri, was subsequently tried, and is now in the Missouri penitentiary. It does not reasonably appear that there was ever any opportunity for him to have been imprisoned under the Oklahoma conviction and, under the circumstances, it

may reasonably be assumed that he was not placed on probation or paroled. Since the facts do not warrant the application of the Second Offender Act there is no need to advocate a procedure which would avoid another trial on the issue of guilt. It would appear that defendant is entitled to such with the jury to fix the punishment.

HENLEY, Alt. J., concurs.