Kenneth STRICKNER, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 70750.

Missouri Court of Appeals,
Eastern District,
Division One.

April 8, 1997.

Dave Hemingway, Asst. Public Defender, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Assistant Attorney General, Jefferson City, for respondent/respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

PER CURIAM.

Movant appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. We reverse and remand.

On May 13, 1993, movant pled guilty to one count of stealing a motor vehicle, § 570.030, RSMo 1986, and one count of driving with a revoked license, § 302.321, RSMo Supp.1992. The prosecutor stated that if the case had gone to trial, the evidence would have shown that on January 21, 1993, movant stole a 1990 Nissan truck and drove it while his license was revoked. Movant agreed with the recitation of facts. The court sentenced movant as a persistent offender to concurrent prison terms of fifteen years for stealing and one year for driving with a revoked license. The court then suspended execution of the sentences and placed movant on probation for two years. Movant's probation was subsequently revoked, and the court executed the sentences previously imposed.

■ On appeal, movant asserts he was improperly sentenced as a persistent offender because the information did not list his prior offenses or charge him as a repeat offender. Movant further alleges his plea was involuntary because he did not know he was pleading guilty as a persistent offender.

As the state concedes, the information did not charge movant as a persistent offender. Nevertheless, at the guilty plea hearing, the court asked movant about his prior convictions, and movant admitted that he had previously pled guilty to two felonies. The state then announced that "had [movant] proceeded to trial," he would have been proven to be a persistent offender subject to an enhanced sentence of twenty years for stealing. Mov-

ant indicated that he understood the range of punishment.

At the sentencing hearing, the court discussed the possibility of probation with movant:

THE COURT: And has [plea counsel] told you that the only way I will give you probation is if I sentence you to fifteen (15) years and I suspend the execution of that sentence?

THE [MOVANT]: Yes, sir.

THE COURT: And by that I mean I will put you on probation immediately; but if you screw up, you will come back and you will go away for fifteen (15) years. Not seven (7), not six (6), not two (2), not ten (10), has she told you that?

THE [MOVANT]: Yes, sir.

THE COURT: Now, in order for me to be able to sentence you to fifteen (15) years, you have to admit to your prior convictions. If you do not do that, I do not have the authority to sentence you to more tha[n] seven (7) years, do you understand that?

THE [MOVANT]: Yes, sir.

THE COURT: Now, you are not required nor can I order you to admit to your prior convictions. Further, since I'm only willing to put you on probation if I sentence you to a number of years greater than what the State has recommended, I will give you the opportunity to withdraw your plea of guilty if you wish so that you can start all over and thereby perhaps get another judge to give you probation at a number of years either lower than or the amount that the State has recommended, do you understand that?

THE [MOVANT]: Yes, sir.

THE COURT: So there are two questions I need to ask you. The first is do you wish to withdraw your plea of guilty at this time realizing that the only way you will get probation is if I sentence you to a greater number than what [t]he State has recommended? Or do you want to continue with the plea standing as it is?

THE [MOVANT]: I would like to continue with my plea of guilty and proceed.

THE COURT: Do you understand that for me to give you probation you will have to admit to your prior convictions and do you wish to do that?

THE [MOVANT]: Yes, sir.

The state then listed movant's previous offenses, and movant acknowledged the summary was correct. The court found movant to be a persistent offender, sentenced him, suspended execution of the sentence, and placed him on probation.[1]

Movant's prior convictions were never in doubt. The court and the prosecutor clearly told movant during the guilty plea and sentencing hearings that he was considered to be a persistent offender. Thus, the deficient information did not prejudice movant nor render his plea involuntary. *See State v. Hutton*, 825 S.W.2d 883, 889 (Mo.App.1992).

Although movant was not prejudiced, § 558.021, RSMo 1986, requires a movant to be charged as a persistent offender before an extended sentence may be imposed. Following *Hutton*, we reverse the imposition of the sentences and remand for resentencing upon amendment of the information.

We have reviewed movant's point on appeal relating to the ineffectiveness of plea counsel and conclude that it does not entitle him to relief. An extended discussion is unnecessary. Rule 84.16(b).

Reversed and remanded.

---

1. At movant's first probation revocation hearing on October 6, 1994, the court ordered movant to continue on probation. At movant's second probation revocation hearing on October 19, 1995, movant admitted that he understood he was "facing fifteen (15) years" if the court revoked his probation. Following the hearing, the court revoked movant's probation and executed the sentence previously imposed.