**STATE of Missouri, Plaintiff/Respondent,**

v.

**Michael HERRET, Defendant/Appellant.**

No. 72047.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 17, 1998.

Gwenda R. Robinson, Asst. Public Defender, St. Louis, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

JAMES R. DOWD, Judge.

On October 17, 1995, the state charged defendant Michael Herret by indictment with one count of robbery in the first degree, section 569.020 RSMo 1994, and one count of armed criminal action, section 571.015 RSMo 1994. Defendant was also charged as a prior offender under section 558.016 RSMo 1994 based on an alleged prior conviction for fraudulent use of a credit device. The case went to trial before a jury in the Circuit Court of the City of St. Louis on December 10, 1996.

After the close of the state's case, the state informed the trial court that it did not have proof of the alleged prior conviction, but that it did have proof of two other prior convictions. Over defendant's objection, the trial court granted the state leave to file a Substitute Information in Lieu of Indictment. On December 11, 1996, the state filed the substitute information which reclassified defendant as a prior and persistent offender under sections 558.016 and 557.036 RSMo 1994, respectively. The substitute information alleged that defendant was a prior and persistent offender because he had previously pled guilty to first degree robbery with a deadly and dangerous weapon in 1974 and to fraudulent use of a credit device in 1982. Despite alleging that defendant was a persistent offender, the state argued that it intended to prove up only defendant's prior conviction of first degree robbery with a deadly and dangerous weapon.

To establish defendant's prior conviction for first degree robbery, the state offered a certified copy of a Department of Corrections "Face Sheet" which reflected defendant's conviction for first degree robbery. Although defendant stated that the 1974 conviction had been vacated, his trial counsel could not find a record indicating that the conviction was vacated. The trial court then found defendant to be a prior offender. As it turned out, defendant's conviction was vacated on April 23, 1981.

The case was submitted to the jury and defendant was found guilty on both charges. The trial court thereafter conducted a sentencing hearing. At the hearing, defendant's counsel objected to the state's filing of its substitute information and the state's proof on the ground that he was not given adequate time to review the evidence. The trial court overruled this objection and sentenced defendant to twenty years' imprisonment for robbery in the first degree and three years' imprisonment for armed criminal action, to be served consecutively. This appeal followed.

Defendant raises two points on appeal. Defendant first alleges that the trial court clearly erred in finding that he was a prior offender on the basis of the vacated 1974 robbery conviction. Second, defendant argues that the trial court clearly erred in permitting the state to file its substitute information which reclassified defendant as a prior and persistent offender. According to defendant, this late amendment denied him sufficient notice to defend himself and offer competent proof that his conviction had been vacated. Defendant claims prejudice from these errors because the trial court removed the determination of his sentencing from the jury after finding that he was a prior offender and then considered the vacated robbery conviction in sentencing him. Defendant asks us to reverse his conviction and remand for a new trial, or, in the alternative, to vacate his sentence and remand for resentencing. The state concedes that the prior conviction relied on by the trial court had been vacated. However, the state argues that defendant's conviction should be affirmed, that his sentence vacated and set aside, and that the case should be remanded for resentencing.

## I.

Generally, an invalid conviction may not be used to enhance punishment for another offense. *Johnson v. Mississippi,* 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988); *McDaris v. State,* 843 S.W.2d 369, 374 (Mo. banc 1992). By sentencing defendant as a prior offender, the trial judge violated defendant's right to due process. *Wraggs v. State,* 549 S.W.2d 881, 884 (Mo. banc 1977) ("A sentence passed on the basis of a materially false foundation lacks due process of law and entitles the defendant to a reconsideration of the question of punishment in light of the true facts, regardless of the eventual outcome."). Therefore, we must

vacate and set aside the sentences imposed on defendant for his two convictions. At the resentencing hearing, the state may amend the information and present evidence that defendant was convicted of another offense to establish that defendant is a prior offender. *See State v. Cobb*, 875 S.W.2d 533, 537 (Mo. banc 1994) ("[D]ouble jeopardy is no obstacle in this noncapital proceeding to permitting the state to present whatever evidence it may have at a resentencing to establish the defendant is, as he was charged and sentenced the first time, a persistent offender.").

## II.

■ Defendant also claims that his conviction should be reversed because the trial court took the issue of sentencing away from the jury. Had the trial court not found defendant a prior offender, the jury would have decided his sentence. We need not address this argument because the issue becomes relevant only if the state fails to establish that defendant is a prior offender at the resentencing hearing. Clearly, if the state establishes that defendant is a prior offender, the trial court exclusively determines defendant's sentence. If the state cannot prove that defendant is a prior offender, then defendant would suffer prejudice unless his sentence was determined by a jury. In such a situation, defendant is entitled to a new trial. *See State v. Lowery*, 926 S.W.2d 712, 713 (Mo.App. E.D.1996).

## CONCLUSION

The sentence of defendant as a prior offender is vacated and set aside. The case is remanded for resentencing with instructions to permit the state to offer evidence establishing defendant's status as a prior offender. If the trial court finds that defendant is a prior offender on remand, then defendant's conviction is affirmed. Otherwise, defendant's conviction is set aside and he should be granted a new trial.

CRANE, P.J., and RHODES RUSSELL, J., concur.