**STATE of Missouri, Respondent,**

**v.**

**Ricky L. KIDD, Appellant.**

**No. WD 58712.**

Missouri Court of Appeals,
Western District.

March 26, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 30, 2002.

Application for Transfer Denied
June 25, 2002.

Jennifer S. Walsh, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Assistant Attorney General, Jefferson City, for respondent.

Before ULRICH, P.J., BRECKENRIDGE and ELLIS, JJ.

BRECKENRIDGE, Judge.

Ricky Kidd appeals from the judgment of the circuit court denying his motion for post-conviction relief pursuant to Rule 29.15. A jury convicted Mr. Kidd of two counts of the class A felony of murder in the first degree, § 565.020.1, RSMo 2000,[1] and two counts of armed criminal action, § 571.015. The court sentenced him as a prior offender to life imprisonment without eligibility for probation or parole for the two convictions for murder in the first degree and life imprisonment for the two armed criminal action convictions. After his convictions were affirmed on his direct appeal, Mr. Kidd filed a 29.15 motion for post-conviction relief based on ineffective assistance of appellate counsel, which was denied after an evidentiary hearing. On appeal, he claims that the motion court erred in denying his post-conviction motion because he was denied effective assistance of counsel when his appellate counsel failed to challenge the trial court's finding that he was a prior offender. Specifically, Mr. Kidd asserts that his appellate counsel was ineffective in not raising on appeal the issue that he was sentenced as a prior offender even though the information did not charge that he was a prior offender and he had no notice of the State's intention to prove prior offender status, in violation of his due process rights. While appellate counsel may have breached her duty by failing to raise on appeal the fact that Mr. Kidd was erroneously adjudicated a prior offender and was improperly sentenced by the trial court, Mr. Kidd failed to prove that he suffered prejudice because there was no discretion to be exercised in sentencing since the only sentence that could be imposed for non-capital first degree murder was life without parole. Therefore, the judgment of the motion court denying Mr. Kidd's request for post-conviction relief is affirmed.

**Factual and Procedural Background**

Many of the facts relevant to the underlying crime are taken verbatim from the opinion of this court in Mr. Kidd's direct appeal, without utilizing quotation marks. *See State v. Kidd*, 990 S.W.2d 175 (Mo. App.1999). On February 6, 1996, four-year-old Kayla Bryant was at home with her father, George Bryant, and his friend, Oscar Junior Bridges. While Kayla sat in the living room eating and watching television, she noticed a white car pull up in front of the house. When Kayla looked out the window, she saw two men dressed in black getting out of the white car. Kayla described one as skinny and the other as fat. The "skinny one" had on a black leather jacket, a black hat, black pants, rings, two "circle" earrings, a bracelet, a "twist" necklace, and a watch. The "fat one" was bald and had on a black leather jacket, black pants, rings, one "circle" earring, a "twist" necklace, and a watch.

Kayla testified that she told her father someone was outside. He then looked out and opened the garage door. The two men and George Bryant went into the kitchen where Oscar Bridges was waiting. After a brief conversation, the two men pulled out guns. One man shot George Bryant, while the other chased and shot Oscar Bridges, who had fled to the basement. The two men then went through the house, as if they were looking for something. While the men were searching the house, Mr. Bryant was able to make his way outside and yell for help. Mr. Bryant's neighbor, Richard Harris, was walking by the house when he heard Mr. Bryant's calls. He watched while a man came out and dragged Mr. Bryant behind a car, and then another man came out and

---

**1.** All statutory references are to Revised Stat- utes of Missouri 2000, unless otherwise noted.

shot Mr. Bryant twice. The first man came after Mr. Harris, but Mr. Harris was able to run away.

Mr. Kidd and his co-defendant, Marcus Merrill, were indicted on two counts of first degree murder and two counts of armed criminal action. At trial, Kayla testified about the events of February 6, 1996, but she was not able to identify, in court, the two men who murdered her father. Mr. Harris also testified, identifying Mr. Kidd as the second man who came out and shot Mr. Bryant. Mr. Harris testified that he was "2001% sure" that Mr. Kidd was the man he saw outside the Bryant house shooting George Bryant.

The court also allowed detectives Jay Thompson, Robert Guffey, and Jay Pruetting to testify about the statements Kayla made to them regarding the events of February 6, 1996, and the identity of the perpetrators. Detective Thompson testified that he showed Kayla a video lineup that included Mr. Kidd. When Mr. Kidd appeared on the line up stage, Kayla told her mother that Mr. Kidd was "him." Detective Thomas further testified that, at the end of the video, all four persons in the lineup appeared on the screen and he pushed Kayla's chair closer to the television so she could point to the person she recognized. Kayla became nervous and clutched his arm when she pointed to Mr. Kidd as the person she recognized in the video.

Before submission of the case to the jury, the State offered into evidence certified copies of the information charging and judgment convicting Mr. Kidd of the crime of trafficking drugs in the second degree, as proof of Mr. Kidd's status as a prior offender. Mr. Kidd's trial counsel stated that she did not have any objection to the documents. Upon this evidence, the court found that Mr. Kidd was a prior offender under § 558.016. The court then apparent-

ly noticed that Mr. Kidd was not charged as a prior offender in the indictment and asked the State whether it had filed an amended information charging Mr. Kidd as a prior offender. The assistant prosecutor told the court that it was her belief it was not necessary to include an allegation of prior offender status in the indictment or information when the status is proven only to remove sentencing from the jury. Defense counsel did not object to this statement.

Based on its finding that Mr. Kidd was a prior offender, the trial court submitted to the jury only the issue of whether Mr. Kidd was guilty of the offenses charged. The jury convicted Mr. Kidd of both counts of first degree murder and the corresponding two counts of armed criminal action. After Mr. Kidd was found guilty by the jury, he was sentenced by the trial court to life in prison without eligibility for probation or parole on the two non-capital murder in the first degree charges, and life imprisonment on each of the two armed criminal action charges. The court ordered that the four sentences run consecutively.

Mr. Kidd appealed his convictions to this court, and this court affirmed the convictions in *Kidd,* 990 S.W.2d 175. In his direct appeal, Mr. Kidd's appellate counsel did not raise the issue that Mr. Kidd was erroneously adjudicated to be a prior offender and improperly sentenced by the trial court rather than the jury.

After his conviction was affirmed on his direct appeal, Mr. Kidd filed a 29.15 motion for post-conviction relief asserting, among other grounds, ineffective assistance of appellate counsel. The motion alleged that Mr. Kidd was denied effective assistance of counsel because his appellate counsel failed to challenge the trial court's finding that he was a prior offender. Specifically, Mr. Kidd alleged that his appel-

late counsel was ineffective in not raising on appeal that he was sentenced as a prior offender even though the information did not charge that he was a prior offender and he had no notice of the State's intention to prove prior offender status, in violation of his due process rights. Mr. Kidd contended that a reasonably competent appellate attorney would have recognized this issue and raised it on direct appeal and, if the issue had been raised, his conviction would have been reversed and he would have been granted a new trial.

At the evidentiary hearing, the State recognized the deficiency in failing to file an information in lieu of indictment charging Mr. Kidd as a prior offender. The motion court granted the State leave to file the amended information. The State then produced certified copies of documents showing that Mr. Kidd had pleaded guilty to trafficking in the second degree on March 13, 1996. The homicides at issue in this case occurred on February 6, 1996. Because Mr. Kidd's guilty plea was after the homicides, he was not a prior offender within the meaning of § 558.016. The motion court determined that the evidence was insufficient to prove that Mr. Kidd was a prior offender.

Mr. Kidd argued to the motion court that he was entitled to have his convictions reversed and be remanded for a new trial. The State, while conceding that there was an error in sentencing Mr. Kidd as a prior offender, argued that Mr. Kidd was not entitled to a new trial because he was not prejudiced. The State based this argument upon the lack of discretion in punishment in a non-capital first degree murder case, since the only sentence available to either the court or the jury was life without parole. Because there was a range of punishment available on the counts of armed criminal action and Mr. Kidd could demonstrate prejudice by being sentenced by the judge rather than the jury, the State suggested that it would dismiss the two counts of armed criminal action.

The motion court found that Mr. Kidd's appellate counsel erred, but that Mr. Kidd failed to establish prejudice because the only possible sentence was life without parole. The motion court further found that, because the State dismissed the armed criminal action counts, the jury would not have any discretion in sentencing. The motion court then resentenced Mr. Kidd to two terms of life imprisonment without parole on the two counts of non-capital murder in the first degree, noting that it was not sentencing him as a prior offender. An amended judgment was entered to reflect the resentencing. The motion court also entered findings of fact and conclusions of law, vacating Mr. Kidd's convictions for armed criminal action, but denying the remainder of Mr. Kidd's motion. This appeal followed.

### Standard of Review

■ In reviewing a denial of a motion for post-conviction relief, this court is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). Such a finding will be made only if, after a review of the entire record, the appellate court is left with a "definite and firm impression that a mistake has been made." *Id.*

### No Prejudice by Failure to Raise Erroneous Prior Offender Status

■ Mr. Kidd raises two points on appeal. First, he asserts the motion court clearly erred when it found that he was not prejudiced by his appellate counsel's failure to raise on appeal the fact that Mr. Kidd was improperly sentenced as a prior offender. Mr. Kidd contends that the mo-

tion court erred in considering whether he was prejudiced when his ultimate sentence would have been the same, life in prison without parole. He argues that the question of prejudice should have been limited to whether he would have obtained a reversal on appeal if the impropriety of his conviction as a prior offender had been raised by his appellate counsel. In his second point, Mr. Kidd claims that the motion court clearly erred when it resentenced him because the law mandates that the motion court grant him a new trial when the State failed to prove he was a prior offender. He asserts that he did not have the burden of proving prejudice because prejudice is presumed by the denial of his right to sentencing by the jury. Because both of these points raise similar and interrelated legal issues, this court will address them together.

▆▆▆ To prevail on a claim of ineffective assistance of counsel, a movant must meet the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, the movant must show (1) that the movant's attorney failed to exercise the level of skill and diligence that a reasonably competent attorney would in a similar situation, and (2) that the movant was prejudiced by that failure. *Id.* at 687, 104 S.Ct. at 2064. The movant must meet both prongs of *Strickland*, or the claim of ineffective assistance fails. *Luster v. State*, 10 S.W.3d 205, 210 (Mo.App.2000). To establish the performance prong, the movant " 'must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment.' " *Id.* (quoting *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997)). To establish prejudice, the movant must show that there is " 'a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* (quoting *Simmons*, 955 S.W.2d at 746). The prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). The movant bears the burden of proving that there are grounds for relief by a preponderance of the evidence. *Myszka v. State*, 16 S.W.3d 652, 657 (Mo.App.2000). The *Strickland* test requires a case-by-case analysis. *Lockhart*, 506 U.S. at 369, 113 S.Ct. at 843 n. 2.

▆▆▆ The standard for ineffective assistance of appellate counsel is essentially the same as the standard for ineffective assistance of trial counsel. *Helmig v. State*, 42 S.W.3d 658, 682 (Mo.App.2001). The movant must "show both a breach of duty and resulting prejudice." *Id.* Furthermore, an ineffective assistance of appellate counsel claim requires that the basis for the claim be such that "would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Moss*, 10 S.W.3d at 514 (quoting *Reuscher v. State*, 887 S.W.2d 588, 591 (Mo. banc 1994)). To be entitled to relief, a movant must show that "the error that was not raised on appeal was so substantial as to amount to a manifest injustice or a miscarriage of justice." *Id.* at 514–15.

To prevail on his claim of ineffective assistance of appellate counsel for failure "to challenge the trial court's finding that [he] was a prior offender," Mr. Kidd had to demonstrate both a breach of duty by his appellate counsel, and that he was prejudiced. With regard to whether his appel-

late counsel breached her duty, Mr. Kidd was required to prove that his appellate counsel failed to exercise the level of skill and diligence that a reasonably competent attorney would exercise in a similar situation. In that regard, the motion court found that the failure of Mr. Kidd's appellate counsel to raise on direct appeal the lack of pleading of prior offender status breached her duty, and she did not exercise the level of skill and diligence that a reasonably competent attorney would have exercised in a similar situation. Section 558.021.1(1) requires that the indictment or information plead "all essential facts warranting a finding that the defendant is a prior offender." The indictment charging Mr. Kidd did not plead any facts warranting a finding that Mr. Kidd is a prior offender. In fact, at trial when the State offered evidence of Mr. Kidd's prior conviction, the trial court suggested that an amendment to the charging instrument was necessary. The assistant prosecutor mistakenly advised the court that this was not required, and did not file an amended charging instrument.

Upon finding that Mr. Kidd met his burden of proving the performance prong of the *Strickland* test, the motion court then considered the prejudice prong. The motion court found that Mr. Kidd failed to prove that he was prejudiced by his counsel's failure to raise the issue on appeal because Mr. Kidd's prior offender status did not subject him to an extended term of imprisonment, and he was not prejudiced by the fact that the jury did not consider the issue of punishment since the only sentence, if convicted, was life without possibility of parole. Mr. Kidd first asserts that the motion court's decision is clearly erroneous because prejudice is not based on whether his ultimate sentence would have been the same, but rather whether he would have obtained a reversal if the issue had been raised on appeal. Second, Mr.

Kidd claims that prejudice is presumed by the denial of his right to sentencing by the jury.

In both of these claims of error, Mr. Kidd relies on the opinion of this court in *State v. Street*, 735 S.W.2d 371 (Mo.App. 1987), and its progeny, including *State v. Merrill*, 990 S.W.2d 166 (Mo.App.1999), his co-defendant's direct appeal. He interprets *Street* as holding that there is inherent manifest prejudice in sentencing a defendant as a prior or persistent offender when that status has not been pled, and that no further showing of prejudice is required. He also argues that under *Street*, the failure to plead requires a reversal of the sentence and a remand for amendment of the information and rehearing. If at that rehearing, there is a failure to prove the prior or persistent status, Mr. Kidd asserts that *Street* mandates the granting of a new trial. A review of *Street*, however, shows that its holding is at odds with the standard for plain error review.

With regard to the correctness of the ruling in *Street*, it is necessary to consider the facts and the procedural posture of that case. In *Street*, the information did not charge the defendant as a prior or persistent offender. The State, nevertheless, presented evidence at trial of Mr. Street's three previous convictions, and the trial court found him to be a prior and persistent offender. There was no mention in the record of the deficiency in the pleading until Mr. Street's direct appeal. On appeal, the court noted that the issue was raised for the first time on appeal, but did not articulate that the standard of review it was applying would then be plain error. 735 S.W.2d at 373.

In its analysis of the issue, the *Street* court listed examples of cases in which there were deficiencies in pleading or

proving the defendant was a repeat offender. *Id.* The court stated that, despite deficiencies in pleading or proving the defendant was a repeat offender, courts frequently affirmed the convictions based upon a lack of prejudice because there was no surprise, or because the defendant did not object to the deficiency. *Id.* Despite acknowledging these cases, the court stated:

> The statute is abundantly clear that an extended sentence term may be imposed if, but only if, " * * * the indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender * * *." It is not enough for the state to simply announce an intention to seek an extended sentence, the charge must set out the facts which would, if later substantiated by the proof, warrant the court in making the findings which are also a requirement of the statute. If the courts continue to indulge the laxity which has characterized so many cases of extended term sentencing, a judicial emasculation of the legislative direction will be the accepted procedural norm.

*Id.*

The court went on to state that any actual prejudice to Mr. Street was "difficult if not impossible to perceive" because his prior convictions were "never a matter of doubt." *Id.* Relying simply upon the obvious failure to charge Mr. Street as a repeat offender, the court found that "[t]he error is manifest." *Id.* Because it found that "[t]he cases are uniform in holding that provisions for repeat offender sentencing do not create an additional substantive offense or crime and that the error associated with the charge, proof or court findings in this respect does not re-

quire an unconditional remand for a new trial on the issue of guilt or innocence," the court determined that the appropriate remedy was to remand for the limited purpose of permitting the State to amend the information and allege facts proving that the defendant was a prior offender. *Id.* at 373–74. The court then stated, "In the unlikely event that the proof were to fail, a new trial is, of course, required." *Id.* at 374.

The court's motive clearly was to prevent a judicial weakening of the repeat offender statute. *Id.* at 373. The court perceived the weakening of the repeat offender statute, because courts were upholding extended sentences even though the State had not complied with the procedures set forth in the statute. *Id.* Despite its recognition that prior cases addressing similar deficiencies in pleading or proof considered whether the error was prejudicial and that there was no prejudice to Mr. Street, and that this type of error did not require an unconditional remand for a new trial, the court reversed the imposition of sentence and remanded for the filing of an amended information and a rehearing on Mr. Street's repeat offender status.

 This ruling was contrary to the plain error standard the court was applying. There is a two-step process in determining whether relief should be granted for plain error. *State v. Dudley,* 51 S.W.3d 44, 53 (Mo.App.2001) (quoting *State v. Williams,* 9 S.W.3d 3, 12 (Mo.App. 1999)). First, it is necessary to consider whether the claim of error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted.'" *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc 1995) (quoting Rule 30.20). This is essentially a determination of "whether, on the face of the claim, plain error has, in fact, occurred." *Dudley,* 51 S.W.3d at 53. If the error is

plain or obvious, then, at the court's discretion, the court may consider whether a miscarriage of justice or manifest injustice will occur if the error is left uncorrected. *Williams*, 9 S.W.3d at 12. "Relief under plain error ... requires that appellant go beyond a mere showing of demonstrable prejudice to show manifest prejudice affecting his substantial rights." *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo. banc 1989). In *Street*, this court undertook the first portion of the review and found that the error was "manifest," or obvious. It did not undertake the second step of the review to determine whether there was "manifest prejudice" affecting Mr. Street's "substantial rights." To the contrary, the court found that actual prejudice to appellant is difficult if not impossible to perceive, because "[h]is previous convictions were never a matter of doubt."

While this court's motive for its ruling in *Street* is understandable and even admirable, if this court had correctly applied the plain error standard, it would have denied Mr. Street relief because of the lack of prejudice to Mr. Street. Indeed, the Missouri Supreme Court has indicated that, to be afforded relief from errors involving the determination of prior offender status, the defendant must have suffered prejudice. In *State v. Madison*, 997 S.W.2d 16, 21 (Mo. banc 1999), the defendant alleged that his right to confrontation was violated because he was not present at the persistent offender hearing. The Court held, "[t]o be entitled to vacation of sentence and remand, where the irregularity concerns determination of prior offender status, actual prejudice must be established." *Id.* at 22. This is true even where the error is the failure to plead or prove prior offender status. *See State v. Miller*, 427 S.W.2d 506, 507 (Mo.1968) and *State v. Young*, 366 S.W.2d 386, 390 (Mo.1963)

(both finding that the defendant was prejudiced by erroneous sentencing as prior offender because jury might have imposed lesser punishment than trial court). To the extent that *Street* can be read to hold that no finding of prejudice is required to grant plain error relief when there is a failure to plead or prove repeat offender status, or that there is always manifest prejudice to a defendant from these failures, it is overruled.[2]

The three districts of this court have frequently followed *Street* or its progeny and, upon a finding of a failure to plead or prove repeat offender status, have ruled that the sentence be reversed and the cause remanded for further proceedings. In so ruling, the courts have noted that if proof of repeat offender status should fail on remand, the defendant would be entitled to a new trial. In a number of these cases, the prejudice prong of the plain error standard has been correctly applied. The reviewing court has found that there was prejudice to the defendant or prejudice was apparent because being labeled as a prior offender would affect the defendant's eligibility for parole, repeat offender status was not adjudicated, the prior offender status removed sentencing from the jury, or defendant was improperly subjected to an extended term of imprisonment. *See State v. Jolley*, 45 S.W.3d 549, 552 (Mo.App.2001) (correcting sentence to indicate defendant was not a prior offender because the defendant was prejudiced by prior offender label); *State v. Herret*, 965 S.W.2d 363, 364–65 (Mo.App.1998) (finding that the potential for prejudice was apparent because sentencing was erroneously taken away from the jury since the State conceded that the prior conviction had been vacated, so a remand for rehearing was necessary); *State v. Halk*, 955 S.W.2d

---

**2.** This opinion has been reviewed and approved by order of the court en banc.

216, 216–17 (Mo.App.1997) (correcting sentence to indicate the defendant was not a prior offender because defendant was prejudiced by° erroneous prior offender label); *State v. Lowery*, 926 S.W.2d 712, 713 (Mo. App.1996) (discussing that finding of prejudice necessary, and remanding because no adjudication of the defendant's prior offender status); *State v. Knight*, 920 S.W.2d 612, 613–14 (Mo.App.1996) (holding that proof failed, so prejudice apparent in removal of sentencing from jury and imposition of extended term of sentence); *State v. Magee*, 911 S.W.2d 307, 313 (Mo.App. 1995) (finding that prejudice apparent since defendant was improperly sentenced as a persistent offender to an extended term when he was only a prior offender). In another case, *State v. Hill*, 865 S.W.2d 702, 705–06 (Mo.App.1993), *overruled on other grounds by State v. Carson*, 941 S.W.2d 518 (Mo. banc 1997), the court properly applied the prejudice standard when the court found no prejudice in defendant being incorrectly charged as a persistent offender, when he was properly sentenced as a prior offender.

When the record on appeal has been found insufficient to review whether the defendant was properly found to be a prior offender in a direct appeal, the courts have properly remanded for a new hearing to determine the defendant's prior offender status. *See State v. Cooper*, 16 S.W.3d 680, 682–83 (Mo.App.2000) (remanding for a hearing to determine defendant's prior offender status where the transcript of the hearing where defendant was determined to be a prior offender was missing); *State v. Franklin*, 16 S.W.3d 692, 698–99 (Mo. App.2000) (remanding for a hearing to determine defendant's prior offender status where the transcript of the hearing where defendant was determined to be a prior offender was missing).

In other cases, either the court has noted that there is no prejudice or there is no discussion of prejudice, but the court has followed the improper application of the plain error rule of *Street* and reversed and remanded. *See State v. Lawson*, 50 S.W.3d 363, 367–68 (Mo.App.2001) (finding no prejudice shown, but remanding since there may have been a defect in the State's pleading of the prior convictions in the amended information); *Merrill*, 990 S.W.2d at 172–73 (remanding for a determination of the defendant's prior and persistent offender status when the State did not plead his prior convictions in the indictment, with no discussion of prejudice); *State v. Foster*, 949 S.W.2d 215, 217–18 (Mo.App.1997) (finding proof of persistent offender not questioned, yet remanding since the indictment did not charge the defendant as a persistent sexual offender); *State v. Hutton*, 825 S.W.2d 883, 888–89 (Mo.App.1992) (finding no prejudice but remanding to allow the State to amend the information where the information charged the defendant as a class X offender on one of three counts, but the defendant was sentenced as a class X offender on all three counts).

In a few cases, like this case, the issue was raised in a post-conviction motion. In those cases, the rule of *Street* has been cited and followed sometimes with a discussion of prejudice and sometimes despite a finding of no prejudice. *See Vickers v. State*, 956 S.W.2d 405, 406–07 (Mo.App. 1997) (remanding to correct errors without discussing prejudice); *Strickner v. State*, 943 S.W.2d 326, 328 (Mo.App.1997) (finding no prejudice but remanding for resentencing); *State v. Martin*, 882 S.W.2d 768 (Mo.App.1994) (remanding to allow the State to amend information to charge four prior convictions proven at trial without discussing prejudice).

While this court questions the holdings in *Vickers, Strickner,* and *Martin,* this court finds that they do not apply here because, unlike in those three cases, the error raised by Mr. Kidd in his post-conviction motion was a claim of ineffective assistance of appellate counsel. As previously noted, Mr. Kidd is entitled to relief only if he can prove that he was prejudiced by his appellate counsel's deficient performance. Mr. Kidd's understanding of his burden of proving prejudice is not correct, however. He asserts that he can meet his burden to prove prejudice due to ineffective assistance of counsel by merely proving that the result of his appeal would have been different. It is true that prejudice under *Strickland* is established by showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Simmons,* 955 S.W.2d at 746. In *Lockhart,* 506 U.S. at 372, 113 S.Ct. at 844, however, the Supreme Court held that merely proving a different result at trial was not always sufficient, and stated that the inquiry is, instead, "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Under the facts of this case, Mr. Kidd cannot meet that burden.

In addition, Mr. Kidd relied upon the rule of *Street* and its progeny in his argument that the result of the appeal would have been different because his sentence would have been reversed on direct appeal and, at a rehearing of his prior offender status, he would have been entitled to a new trial when the State's proof of prior offender status failed. As noted, the application of the plain error rule is incorrect in *Street,* and there is no inherent prejudice in failing to plead or prove repeat offender status. Under the plain error standard applicable on his direct appeal, Mr. Kidd would not automatically have been entitled to a new trial if his appellate counsel had raised the issue on direct appeal. Mr. Kidd, then, cannot even prove that the result of his appeal would have been different.

In this case, Mr. Kidd was not sentenced pursuant to § 558.021.1. He was found to be a prior offender under §§ 556.036.4 and 558.016.1 for the sole purpose of allowing the court to assess punishment. Therefore, Mr. Kidd's erroneous adjudication as a prior offender did not subject Mr. Kidd to an extended term of imprisonment. Nor could the erroneous designation of Mr. Kidd as a prior offender negatively impact his parole eligibility, because a defendant convicted of non-capital first degree murder is never eligible for parole. *See* § 565.020. The sole effect of the prior offender status was to remove sentencing from the jury. Erroneously removing sentencing from the jury has been found to be prejudicial to a defendant when the jury was prevented from exercising its discretion within the range of punishment to be considered when recommending a sentence. *See Herret,* 965 S.W.2d at 364; *State v. Olson,* 806 S.W.2d 111, 112–13 (Mo.App.1991); *Miller,* 427 S.W.2d at 507.

In this case, however, there was no discretion to be exercised. The sole punishment available for non-capital first degree murder was life without the possibility of parole. Neither the jury nor the court had any option other than life without parole. There was no prejudice to Mr. Kidd by removing sentencing from the jury on his two convictions for non-capital first degree murder. While the jury would have had discretion in sentencing on the two armed criminal action convictions, those sentences were vacated by the court and the charges dismissed by the State. The potential for any unknown future prejudice to Mr. Kidd was eliminated when the motion court vacated Mr. Kidd's sentence and resentenced

him, removing the finding that Mr. Kidd was a prior offender.

Since Mr. Kidd did not suffer any prejudice, this court finds that the motion court's denial of his post-conviction motion alleging ineffective assistance of appellate counsel was not clearly erroneous. The judgment of the motion court is affirmed.

All concur.