STATE of Missouri, Respondent

v.

Phillip W. WASHINGTON, Appellant.

No. WD 68016.

Missouri Court of Appeals, Western District.

April 8, 2008.

Ruth Sanders, Appellate District Defender, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Evan J. Buchheim, Asst. Attorney General, joins on the briefs, Jefferson City, MO, for respondent.

Before LISA WHITE HARDWICK, P.J., JAMES M. SMART, Jr., and JAMES E. WELSH, JJ.

SMART, Judge.

Phillip Washington appeals from the judgment correcting his sentence issued by the Circuit Court of Jackson County on December 15, 2006. Washington was convicted by a jury of two counts of first-degree robbery in violation of section 569.020 [1] and one count of armed criminal action in violation of section 571.015. The jury recommended sentences of twelve years for Count I (first-degree robbery), twenty years for Count II (first-degree robbery), and twenty-five years for Count III (armed criminal action).

The trial court originally sentenced Washington to twenty years for Count I, twenty years for Count II, and three years for Count III. Washington appealed his convictions to this court. *State v. Washington*, 200 S.W.3d 83 (Mo.App.2006). Although this court affirmed Washington's convictions, the court determined that there was error in the sentencing. This court vacated the sentence on Count I, because the sentence imposed exceeded the term declared by the jury, and remanded to the trial court for resentencing on Count I. *Id. See* section 557.036.5, RSMo Cum.Supp.2004.

On December 15, 2006, the trial court convened to correct the sentence. The State waived its appearance. Washington's attorney appeared on his behalf, but Washington did not appear in person. The court issued a corrected sentence of twelve years on Count I. Washington now appeals this new sentence, arguing that it was in violation of section 546.550 and Rule 29.07(b)(2) because he was not personally present for the hearing. Section 546.550 states: "For the purpose of judgment, if the conviction be for an offense punishable by imprisonment ... the defendant must be personally present[.]" Rule 29.07(b)(2) states: "If the defendant has been convicted of a felony, he must be personally pres-

---

1. All statutory references are to the Revised Statutes of Missouri, 2000, unless otherwise indicated.

ent when sentence and judgment are pronounced."

 Washington concedes that there was no objection on the record to this procedure. In fact, there was no record made of the proceeding other than a docket entry. That docket entry did not record any waiver by Washington of his right to be present. Washington requests that we review for plain error pursuant to Rule 30.20. According to Rule 30.20, this court may in its discretion consider plain errors affecting substantial rights if it finds that manifest injustice or a miscarriage of justice has resulted therefrom. We employ a two-step process in determining whether relief should be granted under the plain error standard. *State v. Kidd,* 75 S.W.3d 804, 811 (Mo.App.2002). First we determine whether the claim of error facially establishes substantial grounds for believing that manifest injustice or a miscarriage of justice has resulted. *Id.* If so, we can then, in our discretion, consider whether a miscarriage of justice or manifest injustice will occur if the error is not corrected. *Id.* at 811–12. An appellant must go beyond a mere showing of prejudice to show manifest prejudice affecting his substantial rights. *Id.* at 812.

The State suggests that there was no error because the court was not resentencing Washington; it was merely correcting the earlier sentence. We agree that the proceeding was merely a correction of sentence. The State points out that although it is necessary that a defendant be present for imposition of a new sentence after an earlier one has been set aside, when a court merely modifies or corrects an existing sentence, it is not necessary that the defendant be present, citing *United States v. Moree,* 928 F.2d 654, 655–56 (5th Cir. 1991). While we have no reason to disagree with that assertion as a general proposition, we note that our mandate here did not direct merely correction of the sentence, but stated that Washington was to be resentenced. In this court's ruling we stated, "We vacate the sentence on Count I and remand to the trial court *to resentence Washington* for Count I." *Washington,* 200 S.W.3d at 83 (emphasis added).

It may be true that our mandate gave Washington more relief than was needed in order to rectify the error. Indeed, it appears that we could have remanded for correction or just corrected the sentence ourselves under Rule 84.14. *See, e.g., Hight v. State,* 841 S.W.2d 278, 282–83 (Mo.App.1992) (correcting sentence under Rule 84.14 without even remanding). But we clearly and specifically gave the relief that we did. No motion was filed to ask us to modify the opinion before the mandate issued, and the mandate properly followed the opinion. There also is no contention here that we did not have jurisdiction to order resentencing as opposed to correction of sentence.

The trial court had no information to the effect that this court intended merely that sentence be corrected. The mandate was clear on its face, and when compared to the opinion it was still clear. There was not a "scrivener's error in the mandate which [was] readily and unmistakably seen by reference to the text of the opinion." *Hankins v. Hankins,* 864 S.W.2d 351, 354 (Mo.App.1993). Although our decision as to the grant of relief as to the invalid sentence could have been handled differently, this court had authority to order a resentencing, and we did. For all these reasons, we believe that the trial court's only authority on remand was to follow the mandate, and that it was, therefore, necessary for the circuit court to hold a hearing to resentence Washington.

 The failure to resentence is not merely a matter of semantics. It is man-

datory that the defendant be personally present at the sentencing hearing. *See State v. Taylor*, 200 S.W.2d 538, 539 (Mo. App.1947) (decided under an earlier version of 546.550). Our cases affirm that a defendant has a due process right to be personally present at the time of sentencing and to be heard on the pronouncement. *See State v. Dailey*, 53 S.W.3d 580, 584 (Mo.App.2001); *State v. Cooper*, 712 S.W.2d 27, 33 (Mo.App.1986).

The State alternatively argues that even if there was error, Washington has not shown that a manifest injustice or a miscarriage of justice will result if this court fails to remand for another resentencing hearing. The State suggests that it is highly unlikely that Washington will receive any further reduction to his sentence upon remand and that, therefore, no useful purpose will be served by remand. *See State v. Wolfe*, 103 S.W.3d 915, 918 (Mo. App.2003). It may be that the only purpose that will be served by further remand is compliance with the mandate and the provisions of state law. If we were to agree with the State that we can re-con-strue or ignore the previous mandate, we would risk setting an unfortunate precedent. We do not discern that it would be wise to treat casually the rights that became fixed on the issuance of the mandate simply because we now recognize that we could have handled it more efficiently the first time around.

Also, this is not a case in which the original sentencing was last month. It has now been over three years since the original sentencing. We cannot say that there could be no new considerations pertinent to sentencing presented on Washington's behalf at resentencing.

Because there was not compliance with the mandate, and because there was a denial of the process required by statute for a resentencing, we conclude that there was clear, obvious error affecting substantial rights. Washington was denied a resentencing. We must again vacate the sentence and remand for resentencing in accordance with our earlier mandate. We, therefore, vacate the sentence on Count I and remand for a resentencing.

HARDWICK and WELSH, JJ., concur.