George W. Draper III, Judge
The State of Missouri, ex rel. Joshua D. Hawley (hereinafter, "Relator"), seeks a writ of prohibition, asserting the proper venue for Ricky Kidd's (hereinafter, "Defendant") petition for writ of habeas corpus is in DeKalb County and the proper respondent should be the Warden of the Crossroads Correctional Center (hereinafter, "Warden"). This Court issued a preliminary writ of prohibition, which it now makes permanent. This Court finds Defendant's petition for writ of habeas corpus should have been filed in the county in which he is held in custody by the department of corrections.
*606 Factual and Procedural Background
Defendant was convicted of two counts of first-degree murder and two counts of armed criminal action. State v. Kidd , 990 S.W.2d 175 (Mo. App. W.D. 1999). Defendant was sentenced to two consecutive terms of life imprisonment without the possibility of parole for the murders and two consecutive terms of life imprisonment for armed criminal action. Id. at 177.
Defendant sought and received post-conviction relief. State v. Kidd , 75 S.W.3d 804 (Mo. App. W.D. 2002). The motion court vacated the armed criminal action convictions but upheld the murder convictions and sentences. Id. at 808. Defendant's sentence was limited to two terms of life imprisonment without the possibility of parole. Id.
In December 2013, Defendant filed a motion, pursuant to section 547.035, RSMo Supp. 2001, for DNA testing in Jackson County circuit court. The matter was set for hearing on March 6, 2015. Prior to this hearing, Defendant applied for a writ of habeas corpus ad testificandum, seeking to be transferred to Jackson County because he was a material, competent, and indispensable witness.
The Jackson County circuit court issued the writ of habeas corpus ad testificandum, ordering Warden to deliver Defendant by March 3, 2015, for the hearing. The order further stated, "after said proceeding, the inmate shall be returned forthwith to the custody of the Department of Corrections."
While detained in the Jackson County Detention Center on the writ of habeas corpus ad testificandum, Defendant filed a petition for writ of habeas corpus, challenging his judgment of conviction and sentences for first-degree murder. The petition named the Director of the Jackson County Detention Center (hereinafter, "Director") as the respondent and stated electronic service was made on the Jackson County prosecutor and the Jackson County counselor. Defendant stated he was a prisoner in the custody of the State of Missouri, but currently was being held in Jackson County.
Once the Jackson County circuit court dissolved the writ of habeas corpus ad testificandum, Defendant was returned to the Crossroads Correctional Center. Director filed a motion to transfer the habeas corpus case to the proper venue in DeKalb County, where Defendant was located, and to substitute Warden as the proper respondent. The Jackson County circuit court overruled the motion, finding Defendant filed his writ petition properly in the first instance in Jackson County.
On August 26, 2016, Director moved to add Warden as an additional party because Defendant was in custody at the Crossroads Correctional Center. Director also noted he had no real interest in the case, while Warden did. On November 14, 2016, the Jackson County circuit court overruled the motion, removing Director as respondent and declining to add Warden. The Jackson County circuit court stated there was no legal authority requiring the naming of a respondent; accordingly, it allowed the case to move forward with no named respondent.
Relator filed a motion to transfer venue to DeKalb County and to substitute the proper respondent. The Jackson County circuit court overruled this motion, and Relator sought a writ of prohibition from the court of appeals, which was denied. Relator then sought a writ of prohibition from this Court.
Standard of Review
This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4. "A writ of prohibition is appropriate:
*607 (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted." State ex rel. Strauser v. Martinez , 416 S.W.3d 798, 801 (Mo. banc 2014). "Prohibition is the proper remedy to prevent further action of the trial court where personal jurisdiction of the defendant is lacking." State ex rel. Norfolk S. Ry. Co. v. Dolan , 512 S.W.3d 41, 45 (Mo. banc 2017) (quoting State ex rel. William Ranni Assocs., Inc. v. Hartenbach , 742 S.W.2d 134, 137 (Mo. banc 1987) ). Prohibition is proper "when usurpation of jurisdiction ... is clearly evident." Id. (quoting State ex rel. Tarrasch v. Crow , 622 S.W.2d 928, 937 (Mo. banc 1981) ).
Discussion
Relator argues this Court should make the writ of prohibition permanent. In doing so, Relator seeks this Court to order the Jackson County circuit court to name Warden as the respondent and transfer venue to DeKalb County.
First, there must be a named respondent on a petition for a writ of habeas corpus. Rule 91.04(a)(1) provides a petition must include, "The name or description of the person who is restraining the person's liberty." A named respondent is necessary because the writ orders the respondent to bring "the body of the person so detained or imprisoned, together with the time and cause of such imprisonment and detention, before the court or judge, without delay, to do and receive what shall then and there be considered concerning the person imprisoned or detained." Section 532.080, RSMo 2000. The named respondent must be an individual who can effectuate a change in the offender's imprisonment or detention as directed by the court.
Second, Rule 91.02(a) provides a person who is held in custody seeking the benefit of Rule 91 shall file the petition with "a circuit or associate circuit judge for the county in which the person is held in custody ...." (Emphasis added). Following his felony convictions, Defendant was committed "to the custody of the department of corrections for the term imposed under section 557.036, or until released under procedures established elsewhere by law." Section 558.011.3(1), RSMo Supp. 2014. Defendant's sentence commenced when he was "received into the custody of the department of corrections or other place of confinement where the offender is sentenced." Section 558.031, RSMo Supp. 2014.
After being received by the department of corrections, Defendant was incarcerated at the Crossroads Correctional Center in DeKalb County. DeKalb County is the location where Defendant has been confined to serve his sentence, and he has not been released from this sentence.
While in the custody of the department of correction, Defendant is classified as an "offender." Section 217.010(12), RSMo 2000.[1] "Legal custody of an offender who receives services outside a correctional center shall remain with the department." Section 217.100, RSMo 2000. Even when an offender is on parole or house arrest, the offender remains in the legal custody of the department of corrections. Section 217.690.2, RSMo Supp. 2005; section 217.541.2, RSMo Supp. 2014.
The term "custody" "is not limited to actual physical incarceration."
*608 Nicholson v. State , 524 S.W.2d 106, 109 (Mo. banc 1975) (discussing the context of Rule 27.26, the precursor to Rule 29.15 and Rule 24.035, and federal habeas corpus). Missouri's statutory structure contemplates a person in the custody of the department of corrections remains in its custody, even when the person is temporarily outside the physical custody of the department. See section 217.690.2, RSMo Supp. 2005 (offenders on parole remain in the legal custody of the department of corrections); section 217.541.2, RSMo Supp. 2014 (offenders on house arrest remain in the custody of the department of corrections); section 217.100, RSMo 2000 (offenders who receive services from other state departments or agencies remain in the legal custody of the department of corrections).[2] Therefore, when Defendant filed his petition for a writ of habeas corpus while detained in Jackson County, he was nonetheless in the custody of the department of corrections, which incarcerated him at the Crossroads Correctional Center in DeKalb County.
Finally, this case is similar to State v. King , 372 S.W.2d 857, 858 (Mo. 1963). In King , a defendant escaped from his imprisonment for first-degree robbery in Cole County. After he was re-captured and detained in Montgomery County, he filed a writ of habeas corpus, seeking relief from his imprisonment in Cole County. Id. at 859. This Court held Cole County was the proper venue for the habeas petition because that is where the defendant was serving his sentence. Id.
Conclusion
Accordingly, this Court will exercise its discretion to issue a writ of prohibition to remedy an excess of authority. Rule 91 provides there must be a named respondent and a petition for writ of habeas corpus must be filed in the county in which a petitioner is in the custody of the department of corrections. In this case, Warden is the proper named respondent because Defendant is in the custody of the department of corrections in DeKalb County.
The Jackson County circuit court exceeded its authority in refusing to transfer venue of Defendant's petition for writ of habeas corpus to the proper venue. Therefore, this Court's preliminary writ of prohibition is made permanent.
All concur.

Chapter 217 governs the department of corrections.

This is consistent with federal habeas corpus practice. United States v. Poole , 531 F.3d 263, 271-72 (4th Cir. 2008) explains when a federal prisoner testifies based upon a writ of habeas corpus ad testificandum, the prisoner merely is "on loan" and the writ of habeas corpus ad testificandum does not effectuate a change in the prisoner's custody.